Jeffrey Lee COLLINS *v*. STATE of Arkansas

CR 95-956                                         920 S.W.2d 846

Supreme Court of Arkansas
Opinion delivered May 6, 1996

*Steven E. Cauley, P.A.*, by: *Steven E. Cauley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Sr. Appellate Advocate, for appellee.

DONALD L. CORBIN, Justice. Appellant, Jeffrey Lee Collins, appeals the judgment of the Drew County Circuit Court denying his petition for postconviction relief under Ark. R. Crim. P. 37.1. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(5). Appellant raises four points for reversal. We find merit to the first point concerning appellant's right to be tried by a twelve-member jury, and therefore reverse and remand for a new trial.

Appellant was charged by information filed January 31, 1992, with rape and two counts of third-degree carnal abuse. The information charged that appellant had engaged in sexual intercourse or deviate sexual activity with D.D., who was aged fourteen years at the time, and that appellant had engaged in sexual intercourse with

A.T., who was aged eleven years at the time. Following trial, the jury convicted appellant of two counts of third-degree carnal abuse and sentenced him on each count to one year in the county jail and fined him $1,000.00. The jury also convicted appellant of rape and sentenced him to twenty years' imprisonment. Appellant appealed, and the convictions were affirmed in a nonpublished opinion by the Arkansas Court of Appeals (CACR 93-578, June 15, 1994).

Appellant obtained new counsel and filed his petition for post-conviction relief pursuant to Rule 37. The trial court held a hearing on the petition, but the record was destroyed when the storage room where it was kept was vandalized. In accordance with Ark. R. App. P. Rule 6(d), appellant's counsel filed a statement of the proceedings from the Rule 37 hearing; the state did not file any objections. According to the statement of the proceedings, appellant raised three points at the hearing: that his conviction was unconstitutional because it was rendered by a jury of eleven, that his conviction was unconstitutional because his trial counsel was ineffective, and that he was entitled to relief because the victim repudiated her trial testimony.

The trial court denied the petition for postconviction relief by order filed April 12, 1995. Appellant filed a motion for reconsideration on April 20, 1995, which the trial court denied on May 26, 1995. Appellant filed his notice of appeal to this court on May 31, 1995.

Prior to considering appellant's arguments for reversal of the judgment denying his petition for postconviction relief, we address a jurisdictional question raised by appellee. The state contends that appellant filed his notice of appeal late, and therefore, this court is without jurisdiction to hear this appeal. The state argues that appellant's motion for reconsideration of the order denying his postconviction relief did not extend the time appellant had to file his notice of appeal. The state bases its argument on the fact that a motion for reconsideration is not one of the three post-trial motions listed in Ark. R. App. P. 4(b). The state recognizes and appellant argues that Ark. R. Crim. P. 36.22 establishes a broad rule as to what motions will extend the time in which to file a notice of appeal. However, the state argues that Rule 36.22 only applies to true post-trial motions and not to postconviction proceedings. The state concedes that if Ark. R. Crim. P. 36.22 is controlling, the notice of appeal was timely.

Rule 36.9 of the Arkansas Rules of Criminal Procedure provides that appeals may be taken within thirty days of the date of entry of an order denying a "a post-trial motion under Rule 36.22" or "the date of entry of an order denying a petition for postconviction relief under Rule 37." Ark. R. Crim. P. 36.9(a)(2) and (a)(4). As outlined earlier in this opinion, the trial court entered the order denying appellant's petition for postconviction relief on April 12, 1995, making appellant's notice of appeal due May 12, 1995, pursuant to Rule 36.9. However, appellant filed a motion for reconsideration on April 20, 1995, and the trial court did not deny this motion until May 26, 1995. Appellant filed his notice of appeal five days later on May 31, 1995.

■ Arkansas Rule of Criminal Procedure 36.22 provides:

A person convicted of either a felony or misdemeanor may file a motion for new trial, a motion in arrest of judgment, or *any other application for relief*, but all motions or applications must be filed prior to the time fixed to file a notice of appeal. . . . Upon the filing of any motion or *other application for relief in the trial court*, the time to file a notice of appeal shall not expire until thirty (30) days after the disposition of all motions or applications. [Emphasis added.]

The terms of Rule 36.22 are broad and include a motion for reconsideration of the denial of postconviction relief in the category of "other application for relief." Thus, the last sentence of Rule 36.22 makes it clear that, because he filed the motion for reconsideration prior to the time fixed to file a notice of appeal, appellant had thirty days from the disposition of his motion for reconsideration in which to file a notice of appeal. Appellant's notice of appeal was therefore timely filed on May 31, 1995, five days after the denial of the motion for reconsideration, and does not create a jurisdictional problem for this court.

■ Appellant's first argument for reversal is that the trial court erred in denying his petition for postconviction relief because he was denied his right under the Arkansas Constitution to be tried by a twelve-member jury. This court will reverse a trial court's denial of postconviction relief only if its findings are clearly erroneous or clearly against the preponderance of the evidence. *Vickers v. State*, 320 Ark. 437, 441, 898 S.W.2d 26, 28 (1995).

The pertinent underlying facts are these. After twelve jurors

were seated in appellant's trial, the trial court inquired as to whether counsel wanted alternate jurors or whether it was agreed by counsel that the case would be tried to the twelve jurors already chosen or their survivors. The prosecuting attorney answered yes, and appellant and his trial counsel did not respond. The jury was then sworn, and the trial proceeded. During the trial, the court received a note that the daughter of one of the jurors was being hospitalized. The juror was excused. The trial resumed with no discussion concerning the now eleven-member jury.

Appellant asserts that he had a constitutional right to be tried by a jury of twelve members and that he did not expressly waive that right. The state responds that appellant is barred from raising this point on appeal because he did not raise it as a "free-standing" issue before the trial court; rather, he made his eleven-person-jury argument as one of several bases for his ineffective-assistance-of-counsel claim. The state further responds that even if this point were properly before the trial court, it would not have erred in denying the postconviction relief because, pursuant to *Finley* v. *State*, 295 Ark. 357, 748 S.W.2d 643 (1988), a defendant cannot obtain postconviction relief on the basis of mere errors, even constitutional errors.

On the record presented to us, we conclude this issue was properly before the trial court. The state is correct in citing *Finley*, for the proposition that even constitutional issues must be raised in the trial court and on direct appeal, rather than in Rule 37 proceedings. However, this court has made an exception for errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack. *Finley*, 295 Ark. 357, 748 S.W.2d 643; *Hulsey* v. *State*, 268 Ark. 312, 595 S.W.2d 934 (1980). We have limited this exception to cases that comply with the time requirements of Rule 37. *Prince* v. *State*, 315 Ark. 492, 868 S.W.2d 77, *cert. denied*, 114 S. Ct. 1857 (1994). As applied to this case, Rule 37.2(c) provides that the Rule 37 petition must be filed within sixty days of the date the court of appeals issued the mandate, July 6, 1994. Appellant satisfied this requirement by filing his petition in circuit court on September 2, 1994.

We must determine then whether the denial of the right to a twelve-person jury is an error so fundamental as to render the judgment of conviction void and subject to collateral attack. The answer to that question, in turn, answers the question of whether

appellant can raise this argument for the first time in post-conviction proceedings.

In *Grinning* v. *City of Pine Bluff*, 322 Ark. 45, 907 S.W.2d 690 (1995), this court cited *Williams* v. *Florida*, 399 U.S. 78 (1970), and recognized that a twelve-member jury is not a necessary ingredient of the Sixth Amendment right to trial by jury, made applicable to the states through the Fourteenth Amendment. However, we referred to *Byrd* v. *State*, 317 Ark. 609, 879 S.W.2d 435 (1994), in concluding that the guarantee in Ark. Const. art. 2, § 7 of a defendant's right to a jury trial meant the right to. be tried by a twelve-member jury and that such right must be waived in the manner prescribed by law. *See also, Calnan* v. *State*, 310 Ark. 744, 841 S.W.2d 593 (1992). We referred to Rules 31.1 through 31.5 of the Rules of Criminal Procedure as establishing the process for waiver and explained that:

> [E]xcept in misdemeanor cases where only a fine is imposed by the court, a defendant must waive his right personally either in writing or in open court and the waiver must be assented to by the prosecutor and approved by the court; a verbatim record of the waiver is required. . . . [I]t is the court's burden to ensure that, if there is to be a waiver, the defendant waives her right to trial by jury in accordance with the Arkansas Constitution and Rules of Criminal Procedure.

*Grinning*, 322 Ark. at 48-49, 907 S.W.2d at 691-92. We further explained that the denial of the right to a jury trial is a serious error for which the trial court should intervene and is an exception to the contemporaneous-objection rule. 322 Ark. at 49, 907 S.W.2d at 692. *See also Calnan*, 310 Ark. 744, 841 S.W.2d 593. We quoted the Arkansas Court of Appeals in referring to the right to trial by jury as a "fundamental constitutional right." *Grinning*, 322 Ark. at 50, 907 S.W.2d at 692. Consistent with *Calnan* and *Grinning*, we conclude that the right to trial by a twelve-member jury is a fundamental right, the violation of which renders the judgment void and subject to collateral attack. Therefore, we conclude that appellant may raise this issue for the first time in Rule 37 proceedings.

The facts as recited previously clearly reflect that appellant was convicted by an eleven-member jury. Appellant did not waive his right to trial by a twelve-member jury personally in writing or in

open court. Thus, the facts are equally clear that no waiver "in the manner prescribed by law" occurred in this case.

The violation of appellant's jury-trial right requires that appellant receive a new trial. We must therefore reverse the judgment and remand for a new trial. Having granted the requested relief of a new trial, we need not address appellant's remaining arguments for reversal of the denial of his postconviction petition.

Reversed and remanded.

DUDLEY, J., not participating.