2013 Ark. App. 279

**Tiffany BOWIE, Appellant**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES,** **Appellee.**

**No. CA 12–1005.**

Court of Appeals of Arkansas.

May 1, 2013.

Deborah R. Sailings, Arkansas Public Defender Commission, for appellant.

Tabitha B. McNulty, Office of Chief Counsel, for appellee Arkansas Department of Human Services.

Chrestman Group, PLLC, by: Keith Chrestman, for appellees A.H., R.H., and M.M.

JOHN MAUZY PITTMAN, Judge.

This is an appeal from an adjudication of dependency-neglect based on a finding that appellant physically abused her five-year-old son. Appellant argues that the evidence was insufficient to support a finding of dependency-neglect and that the trial court erred in inferring abuse based, in part, on appellant's refusal to testify at the hearing on Fifth Amendment grounds. We affirm.

The Arkansas Department of Human Services filed a petition for emergency custody of appellant's three minor children on April 20, 2012, asserting that the children were dependent-neglected as defined in Ark.Code Ann. § 9–27–303 (Supp.2011). An affidavit attached to the petition stated that, on April 16, 2012, the agency received a child-maltreatment report from the Crimes Against Children Division (CACD) of the Arkansas State Police reporting that five-year-old A.H. had a laceration on top of his head and that A.H. stated that his mother hit him in the head with a belt, resulting in appellant's being arrested and charged with second-degree domestic battery. Also attached was an affidavit from CACD Investigator Stephanie Britton stating, in part:

On April 16, 2012, Inv. Britton interviewed alleged victim A.H. at the Ashley County Medical Center in Crossett. A.H. stated that his mother hit him in the head with a belt. A.H. stated that the belt is black and that his mother keeps it on the couch. A.H. appeared scared and would not answer many questions. A.H. has a bleeding lacera-tion on the top of his head. Inv. Britton was present when victim was examined by Dr. Kinney. Victim told Dr. Kinney that his mother hit him in the head with a belt because he didn't put his clothes on for school. According to Dr. Kinney, victim has a one and a half centimeter laceration to the top of his head that will require two staples. There were no other injuries to victim. Victim's CT scan of his head was normal. Tiffany Bowie, mother and alleged offender, was interviewed at the Crossett Police Department by Inv. Shelbi Hughes. Inv. Britton was present during the interview. Ms. Bowie denies hitting A.H. in the head with a belt. She stated that she was in the bathroom when A.H. left the house to catch the bus. She stated that she heard a "bump" and assumes that A.H. fell but never saw the injury. Later in the interview Ms. Bowie admitted that she did spank A.H. with a belt for not getting ready for school and stated that she hit him on the legs and denies hitting him in his head. Ms. Bowie stated that if A.H. was hit in the head with a belt it was an accident. At this time Inv. Shelbi Hughes arrested and charged Tiffany Bowie with Domestic Battery in the 2nd degree.

Based on these allegations, an adjudication hearing was held on June 20, 2012. Investigator Britton testified that she was assigned to the case on April 14, 2012, and saw A.H. at the Ashley County Medical Center. She identified photographs that she took at the hospital of A.H.'s wound, and these photographs were introduced into evidence. The photographs show a young boy wearing a hospital gown. A wound is plainly visible between the top of his head and the crown. The wound extends approximately one-eighth of the width of the child's head and is about half as wide as it is long. A crater-like inden-

tation is visible near the edges of the wound, which is completely filled with fresh blood. Coagulated blood stains the boy's head and hair over a much larger area, amounting to perhaps one-fifth of the top of his head.

Investigator Britton further testified that she had spoken to appellant about the injury and that, at first, appellant said that she was in the bathroom at the time of the injury and did not know how it happened. Appellant said that she heard a bump and that she guessed A.H. had fallen. Britton also related that, upon further questioning, appellant admitted that she had spanked A.H. on the buttocks and legs and that "as far as admitting to hitting him in the head, [appellant] said that she hit him on accident."

Appellant was called as a witness but declined to testify. Her attorney explained that, in light of her pending felony charges, he had advised her not to testify. Subsequently, in argument, the attorney for the Department argued that appellant's invocation of her Fifth Amendment right against self-incrimination justified an inference that she was guilty of the alleged abuse. Appellant's attorney made no objection to this. Ruling from the bench, the trial judge adjudicated the children dependent-neglected based on the photographs of the injury, the fact that appellant changed her story regarding the cause of the injury, and the fact that appellant refused to testify. Again, appellant's attorney made no objection to the trial court having drawn an inference of guilt based on appellant's invocation of the Fifth Amendment.

■ Adjudication hearings are held to determine whether the allegations in a petition are substantiated by the proof. Ark. Code Ann. § 9–27–327(a)(*l*) (Supp.2011). Dependency-neglect allegations must be proved by a preponderance of the evidence. Ark. Code Ann. § 9–27–325(h)(2)(B) (Supp.2011). In reviewing a dependency-neglect adjudication, we defer to the circuit court's superior position to observe the parties and judge the credibility of the witnesses. *Parker v. Arkansas Department of Human Services*, 2011 Ark. App. 18, 380 S.W.3d 471. Deference to the trial court is even greater in cases involving child custody, as a heavier burden is placed on the circuit judge to utilize to the fullest extent his or her powers of perception in evaluating the witnesses, their testimony, and the best interests of the children. *Culclager–Haynes v. Arkansas Department of Human Services*, 2010 Ark. App. 518, 2010 WL 2522035.

■ We will not reverse the circuit court's findings unless they are clearly erroneous. *Parker v. Arkansas Department of Human Services, supra.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. This, however, does not mean that the appellate court is to act as a "super factfinder," substituting its own judgment or second guessing the credibility determinations of the court; we reverse only in those cases where a definite mistake has occurred. *Benedict v. Arkansas Department of Human Services*, 96 Ark. App. 395, 242 S.W.3d 305 (2006).

■ On this record, we cannot say that the trial court clearly erred in finding the children to be dependent-neglected based on the evidence of physical abuse. There was indisputable evidence that the child received a significant gouging wound to the top of his head. Pursuant to Ark.Code Ann. § 9–27–303(3)(A)(iv) (Supp.2011), any injury to a child that is at variance with the history given constitutes abuse. Here, there was evidence to support a finding

that appellant initially denied being present when the injury occurred, then later recanted and admitted that she inflicted the injury herself while disciplining the child by spanking him with a belt. The trial court was not required to believe that appellant caused the wound accidentally. Furthermore, this is not the sort of disciplinary action that is excluded from the definition of abuse. Section 9–27–303(3)(C) provides, in pertinent part:

(iii) Reasonable and moderate physical discipline inflicted by a parent or guardian shall not include any act that is likely to cause and that does cause injury more serious than transient pain or minor temporary marks.

(iv) The age, size, and condition of the child and the location of the injury and the frequency or recurrence of injuries shall be considered when determining whether the physical discipline is reasonable or moderate.

■ Finally, we note that appellant's Fifth Amendment issue is not properly before us because, in the absence of a contemporaneous objection in the trial court, the issue is not preserved for appellate review. *Bobo v. State,* 102 Ark.App. 329, 285 S.W.3d 270 (2008).[1]

Affirmed.

GLADWIN, C.J., and GLOVER, HARRISON, and WHITEAKER, JJ., agree.

WOOD, J., dissents.

RHONDA K. WOOD, Judge, concurring.

Tiffany Bowie appeals from an order of the Ashley County Circuit Court adjudicating her three children dependent-neglected. I disagree with the majority and would remand to the circuit court for entry of a new order consistent with this dissent.

Adjudication hearings are held to determine whether the allegations in a petition are substantiated by proof. Ark.Code Ann. § 9–27–327(a)(1) (Supp.2011). The burden of presenting evidence in dependency-neglect proceedings is on the petitioner, Ark.Code Ann. § 9–27–325(h)(1), and in adjudication hearings, that burden is a preponderance of the evidence. Ark. Code Ann. § 9–27–327(h)(2)(B).

The circuit court adjudicated the children dependent-neglected based on three pieces of evidence: 1) two pictures displaying a laceration on the head of Bowie's five-year-old son; 2) testimony of Stacy Britton, an investigator with the Crimes Against Children Division of the State Police[1]; and 3) the court's inference of guilt based on the appellant's invocation of her Fifth Amendment right to not testify. Britton's entire testimony is as follows:

MR. HIGDON: Did you speak to the mother, Ms. Tiffany Bowie, about this injury?

BRITTON: Yes.

MR. HIGDON: Did she offer any information about that injury occurred?

BRITTON: No, not really.

MR. HIGDON: That's all I have, Your Honor.

MR. LEONARD: What did she say about the injury?

BRITTON: She, at first, said that she was in the bathroom and didn't know how

---

1. Although we do not address the merits of this issue, we note that other courts have held that silence in the face of an accusation of abuse may properly be considered. *See generally West Virginia Department of Health and Human Resources v. Doris S.,* 197 W.Va. 489, 475 S.E.2d 865 (1996).

1. This was the only witness in the entire case.

it happened. She said she heard a bump and she guessed he had fell. And then upon further questioning she said that she did spank him, but she didn't—

MR. LEONARD: She didn't ever admit to hitting him in the head, did she?

BRITTON: She said that she hit him on accident. When she spanked him, she spanked him on his buttocks and legs.

The first piece of evidence, a photo, speaks for itself. Britton's testimony was minimal; she only relayed that Bowie at first stated she didn't know what happened to the child and then subsequently stated she spanked him. It was even unclear if this statement was in response to a question about spanking or a question about the head injury. It is not known what, if any, treatment was given for the injury, how serious it was, whether it could have resulted from a fall or other accident, or whether the child was in substantial risk of serious harm as a result of it. DHS introduced no medical testimony about the injury. DHS called no other witnesses to substantiate its allegations of abuse and neglect. The third piece of evidence the circuit judge considered was an inference of guilt from Bowie's decision to exercise her Fifth Amendment right not to testify. The circuit judge erred in concluding that appellant exercised her Fifth Amendment right. The following is the exchange:

MR. HIGDON: I call Ms. Tiffany Bowie.

MR. LEONARD: Your Honor, she's facing. She has got felony charges pending and I've advised her to not testify in this matter.

MR. HIGDON: She's pleading the 5th?

THE COURT: She has that right.

MR. HIGDON: You've been previously sworn.

BOWIE: YES.

MR. HIGDON: Oh, never mind, Your honor.

THE COURT: OKAY.

MR. HIGDON: The Department rests.

Although Bowie's attorney stated he advised Bowie not to testify, neither he nor Bowie actually invoked her Fifth Amendment right. The circuit court's inference of guilt based on an incorrect determination that Bowie invoked her rights is in error. The circuit court's explanation and ruling was "All right. And I agree. From the pictures of the injuries, her changing her story, and her pleading the Fifth, I'll adjudicate it dependency-neglect." Given the completely miniscule amount of evidence of dependency-neglect once we remove the inference of guilt, I find that the circuit court should take a second look at the case and determine if the court would still adjudicate. The law simply requires more than pictures of a minor laceration, uncertain testimony that perhaps a mother's story changed, and an incorrect belief that Bowie invoked her Fifth Amendment rights to take three children away from the parent and place them in foster care as dependent-neglected.[2] DHS has the burden of proof to show by a preponderance of the evidence that Bowie was responsible for the injury. The Arkansas Code clearly states that adjudication hearings are held to determine whether the allegations in a petition are substantiated by proof. Ark.Code Ann. § 9–27–327(a)(1).

It is for these reasons that I disagree with the majority and I would remand for reconsideration by the circuit court.

---

2. The court does note that the disposition was not appealed.