

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-17-599

| | |
|---|---|
| DANIELLE KNIGHT<br><br>APPELLANT<br><br><br>V.<br><br><br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES AND MINOR<br>CHILD<br><br>APPELLEES | **Opinion Delivered** November 8, 2017<br><br>APPEAL FROM THE CLAY<br>COUNTY CIRCUIT COURT,<br>EASTERN DISTRICT<br>[NO. 11PJV-16-1]<br><br>HONORABLE MELISSA BRISTOW<br>RICHARDSON, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Danielle Knight appeals from the order of the Clay County Circuit Court that terminated her parental rights to her son, S.L. On appeal, she challenges the circuit court's finding as to one of the two statutory grounds for termination; in addition, she argues that the circuit court erred in its finding of potential harm to the child if custody were returned to her. For the reasons set forth below, we affirm.

### I. *Background*

On January 6, 2016, Knight was arrested following a search of her house that revealed methamphetamine, drug paraphernalia, weapons, and an active pipe bomb. S.L. was present in the home at the time of the arrest. The Arkansas Department of Human Services (DHS) took custody of S.L. based on this arrest and because there was no other caretaker for S.L. at

the time. S.L. was adjudicated dependent–neglected approximately a month later based on Knight's parental unfitness due to drug use.

After adjudication, the circuit court found that Knight had only partially complied with the case plan. The court found that Knight had not remained drug free. Specifically, she tested positive for methamphetamine in May 2016, failed to submit to drug testing in December 2016, and tested positive again for drugs in January 2017. The court further found that Knight did not obtain and maintain stable employment throughout the course of the proceedings, and she failed to submit to a psychological evaluation. Additionally, the court found that Knight had pled guilty to drug charges. The court accordingly authorized DHS to file a petition for termination of parental rights.

DHS filed a petition to terminate Knight's parental rights alleging, as statutory grounds for termination, twelve months failure to remedy, *see* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)* (Repl. 2015), and subsequent other factors, *see* Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*.[1] After a hearing, the circuit court entered an order finding that DHS had proved both grounds and that termination of Knight's parental rights was in S.L.'s best interest. Knight filed a timely notice of appeal from that order and now argues that the circuit court erred in finding that DHS proved the "failure to remedy" ground and in finding that S.L. would be at risk of potential harm if returned to her custody.

---

[1]DHS also pled the "aggravated circumstances" ground, *see* Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)*, in there was little likelihood of successfully reunification. The circuit court did not base termination on this statutory ground, however, finding that DHS had failed to prove it.



## II. *Standard of Review*

We review termination-of-parental-rights cases de novo but will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Dade v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 443, 503 S.W.3d 96. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In determining whether a finding is clearly erroneous, we have noted that in matters involving the welfare of young children, we will give great weight to the circuit court's personal observations. *Jackson v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 440, 503 S.W.3d 122.

The termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *Fox v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 666, 448 S.W.3d 735. As a result, there is a heavy burden placed on the party seeking to terminate the relationship. *Id.* The termination of parental rights is a two-step process that requires the circuit court to find that the parent is unfit and that termination is in the best interest of the child. *T.J. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997); *Smith v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 753, 431 S.W.3d 364. The first step requires proof of one or more of the statutory grounds for termination. Ark. Code Ann. § 9-27-341(b)(3)(B). The second step requires consideration of whether the termination of parental rights is in the child's best interest. Ark. Code Ann. § 9-27-341(b)(3)(A).



### III. *Statutory Grounds*

The circuit court terminated Knight's parental rights based on two statutory grounds: subsequent other factors, *see* Ark. Code Ann. § 9-27-3419b)(3)(B)(vii)*(a)*, and twelve months failure to remedy, *see* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)*. Under Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)*(a)*, DHS must present clear and convincing evidence that a juvenile has been adjudicated by the court to be dependent–neglected and has continued to be out of the custody of the parent for twelve months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent. On appeal, Knight argues that the circuit court erred in finding that she failed to remedy the conditions that caused the removal of S.L.—specifically, her drug usage.

It is unnecessary for us to address the merits of her argument, however. Only one ground is necessary to terminate parental rights, and we have held that when an appellant fails to attack the circuit court's independent, alternative basis for its ruling, we will not reverse. *Lowery v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 478, at 5–6; *see also Anderson v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 428, at 9, 501 S.W.3d 831, 836 ("When a parent does not challenge all of the circuit court's findings as to statutory grounds for termination, an unchallenged ground is sufficient to affirm the termination order."). Knight's sole argument on appeal addresses only the "failure to remedy" finding by the circuit court; she fails to separately challenge the circuit court's findings as to the "subsequent other factors" ground. We therefore affirm on this point.

IV. *Best Interest*

Knight also challenges the circuit court's finding that termination was in S.L.'s best interest. The court determines whether termination is in a juvenile's best interest by considering two factors: (1) the likelihood that the juvenile will be adopted if parental rights are terminated, and (2) the potential harm caused by continuing contact with the parent. Ark. Code Ann. § 9–27–341(b)(3)(A)(i)–(ii).[2]

Knight specifically argues that the circuit court erred in finding that there was a risk of potential harm if the child were returned to her custody. In considering potential harm caused by returning the child to the parent, the circuit court is not required to find that actual harm would result or affirmatively identify a potential harm. *Gulley v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 367, 498 S.W.3d 754; *Welch v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 798, 378 S.W.3d 290. Potential harm must be viewed in a forward–looking manner and in broad terms, including the harm the child suffers from the lack of the stability the child would otherwise receive in a permanent home. *Collins v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 90. This court has consistently noted that continuing drug use demonstrates potential harm to children. *See Eldredge v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 385; *Davis v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 815, 370 S.W.3d 283; *Carroll v. Ark. Dep't of Human Servs.*, 85 Ark. App. 255, 148 S.W.3d 780 (2004).

The evidence introduced at the termination hearing supports the circuit court's potential-harm finding based on Knight's continued drug usage. Throughout the course of

[2]Knight does not challenge the circuit court's finding that S.L. was adoptable.

this proceeding, Knight never once provided a clean drug screen. She attempted to attribute this failure to her living arrangements. She testified that she chose to move to Illinois after DHS removed her son from her custody in order to attend a thirty-day inpatient treatment program, which she completed. In addition, she maintained that her drug screens were positive only because she was unable to provide a urine sample for testing purposes. Knight attributed this "inability" to provide a sample on travel complications. She said she had to drive three hours from Illinois, where she still lived, had to stop to use the restroom during the drive, and was thus unable to provide a sample. Knight admitted, however, that she had discussed the complications of her move to Illinois with her caseworker. DHS explained to Knight on multiple occasions how important it was for her to stay in Arkansas and receive services, but she left anyway.

With respect to drug-screening services offered by DHS, the department contended that it offered Knight a hair-follicle test in June 2016, but Knight did not respond to the offer. Knight agreed that she did not submit to a hair-follicle test, but she claimed it was because DHS did not give her a date or time for the testing. The court explicitly found that Knight's testimony about her refusal to submit to drug screens was not credible. This court will not substitute its own judgment or second-guess the credibility determinations made by the circuit court. *Hambrick v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 458, at 12, 503 S.W.3d 134, 140; *Bowie v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 279, 427 S.W.3d 728.

In its order terminating Knight's parental rights, the circuit court also found that there was a risk of potential harm if S.L. were returned to Knight's custody based on her "lack of

knowledge about [S.L.'s] special needs." Knight acknowledged that her son had behavioral issues, but she said that she did not know that he had special needs or that he attended a specialized daycare to attend to those needs. Based on this acknowledgment, we cannot say that the court was clearly erroneous when it stated, "The court finds that Mrs. Knight lacks stability, which is important due to the special needs of [S.L.]." Accordingly, we affirm the circuit court's potential-harm finding and its determination that termination of Knight's parental rights was in S.L.'s best interest.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.