Shanquita TAYLOR, a Juvenile, and Cloria Taylor, Guardian *v.*
STATE of Arkansas

CA 04–369 197 S.W.3d 31

Court of Appeals of Arkansas
Opinion delivered November 3, 2004

*Gary W. Potts*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Shanquita Taylor was adjudicated delinquent in juvenile court for check forgery in violation of Ark. Code Ann. § 5-37-201 (Repl. 1997). She was ordered to serve a one-year probation, complete forty hours of community service or pay a fine of $500, and pay restitution in the amount of $245.61 and court costs. On appeal, she argues that the trial court abused its discretion by admitting hearsay evidence that was used to identify her as the perpetrator of the crime. We affirm.

Shanquita and Trinett Miles are classmates. One day at school, Trinett asked Shanquita to hold her purse. Trinett had a checkbook in her purse. One week later, Trinett received a notice from her bank regarding insufficient funds in her bank account. She later discovered that some checks had been torn from her checkbook and that two checks had been forged on her account at a Wal-Mart store.

Matthew Hawkins testified that he was employed at the Wal-Mart store and accepted one of the forged checks from Shanquita. He testified that he recalled taking the check from Shanquita and identified her in the courtroom. When asked how he remembered accepting the check from Shanquita, Hawkins testified that he had been written up for failing to follow company policy regarding accepting checks; that he learned that the person who wrote the check was not the owner of the account; that he recognized Shanquita as someone who went to school with his wife; and that in order to identify the person who wrote the check, he looked for Shanquita's picture in his wife's yearbook. Counsel for Shanquita objected to Hawkins's testimony about the yearbook, arguing that it was inadmissible hearsay. The objection was overruled. Hawkins said that, after looking through his wife's yearbook, he was able to place Shanquita's name with her face.

Shanquita testified on her own behalf. She denied taking or forging Trinett's checks. Following the presentation of all of the

evidence, the juvenile court found Shanquita guilty, and this appeal followed.

Shanquita argues that the trial court abused its discretion by permitting Hawkins's testimony about his identification of her because his reference to her picture in the yearbook is hearsay. Shanquita also challenges the credibility of Hawkins's testimony because the State failed to introduce the yearbook into evidence. As a result, she argues, the trial court was forced to accept as true Hawkins's testimony that Shanquita and the person in the yearbook were the same.

 Admissibility of evidence is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Martin v. State*, 346 Ark. 198, 57 S.W.3d 136 (2001). Our appellate courts will not reverse a trial court's ruling on a hearsay question unless the appellant can demonstrate an abuse of discretion. *Id.* "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801(c) (2004). Hearsay testimony is generally inadmissible. Ark. R. Evid. 802 (2004). The hearsay rule is not violated when a witness testifies about a physical object, which was not presented in court. *Johnson v. State*, 289 Ark. 589, 715 S.W.2d 411 (1986); *Redman v. State*, 265 Ark. 774, 580 S.W.2d 945 (1979). Also, a trial court does not abuse its discretion by admitting out-of-court statements that are not offered for the truth of the matter asserted. *Buchanan v. State*, 315 Ark. 227, 866 S.W.2d 395 (1993). Moreover, statements that are not offered for the truth of the matter asserted, but are merely offered to explain the witness's conduct, are not hearsay. *Brock v. State*, 70 Ark. App. 107, 14 S.W.3d 908 (2000).

In this case, Hawkins's testimony did not meet the definition of hearsay. First, Hawkins's reliance on the picture in the yearbook is not hearsay. Notwithstanding the State's failure to introduce the yearbook into evidence, Hawkins was free to testify about what he learned after viewing Shanquita's picture in the yearbook. Because the yearbook is a physical object and not a statement, it is not subject to the hearsay rule. More importantly, Hawkins's testimony was not offered for the truth of the matter asserted; rather, his testimony explained why he consulted the yearbook in the first place.

■ Accordingly, because Hawkins's testimony did not meet the definition of hearsay, the trial court did not abuse its discretion by overruling Shanquita's hearsay objection.

Affirmed.

GRIFFEN and NEAL, JJ., agree.