SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–1131

| | |
|---|---|
| RICHARD ALLEN JONES<br>APPELLANT | **Opinion Delivered** September 23, 2015 |
| V. | APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. CR–2014–3] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Richard Allen Jones appeals his conviction of felon in possession of a firearm. He argues that the State failed to present sufficient evidence to support his conviction. We affirm.

At trial, Corporal Robbie Stout with the Arkansas Game and Fish Commission enforcement division testified as the sole witness for the State. He stated that on October 17, 2013, while on duty, he received a report that shots were fired near an old cemetery adjacent to a deer lease. When he arrived, he spoke with the complainant, who advised Corporal Stout that he heard shots coming from the east. Corporal Stout returned to his patrol car and headed east on a gravel road near the cemetery. After driving less than one hundred yards, Corporal Stout observed two vehicles—one of which was a gray Chevrolet truck occupied by a male driver. He later identified the driver of the gray truck as Richard Jones.

Corporal Stout testified that Jones parked the truck near his patrol car and that he approached Jones. Corporal Stout asked Jones what he was doing in the area, and Jones

responded that he was "running coyotes." Corporal Stout then asked Jones if he had any firearms in the vehicle, and Jones answered "Yes." Corporal Stout asked where the firearm was located, and Jones stated that the weapon was underneath his legs next to the seat. Corporal Stout testified that he looked into the truck and observed a rifle. He then asked Jones to exit the vehicle. He asked Jones whether he had a hunting license, and Jones stated that his girlfriend had it. Corporal Stout radioed the Game and Fish Commission and asked the dispatcher whether Jones had a license. The dispatcher reported that Jones's hunting license was expired. Corporal Stout then issued Jones a citation for hunting without a license. He stated that he told Jones that if he located his license to bring it to court, and he would reduce the citation to a warning. Jones then left the area.

Corporal Stout testified that he then called the complainant and reported that the gunshots had come from Jones, who was coyote hunting in the area. The complainant advised Corporal Stout that Jones was a felon. Corporal Stout called the dispatcher, and the dispatcher ran Jones's name and date of birth. The system reported that Jones had a felony record. Corporal Stout stated that he then tried to locate Jones for the remainder of that day but was unsuccessful. He did not go to Jones's residence. On October 24, 2013, Corporal Stout went to the prosecutor's office and an arrest warrant was issued. In November 2013, Corporal Stout finally located Jones and served him with the arrest warrant. Corporal Stout testified that when he served Jones with the warrant, Jones was with a group of hunters but did not have a weapon.

Following Corporal Stout's testimony, the State rested. Jones then moved for a



directed verdict. Specifically, Jones's counsel stated

> Your Honor, at this time I'd make a motion for directed verdict on the charge of possession of firearm by certain persons. The State has not provided enough evidence for this to go to the jury. The sole witness that they have has not provided a firearm. He himself testified that he decides what is important to go into the report. He said he did not make any attempt to find Mr. Jones that day to procure the weapon to have it in Court today. And we would ask that this charge be dismissed and not be sent to the jury.

The circuit court denied the motion.

Jones then testified on his own behalf. He admitted seeing Corporal Stout on October 17, 2013, but denied having a gun with him. Further, two of Jones's friends, Tony Crosarial and Gary Wiley, testified that they saw Jones on October 17, 2013, and he did not have a gun.

Following their testimony, the defense rested, and the court again denied Jones's motion for a directed verdict. The jury then found Jones guilty and sentenced him to five years' imprisonment in the Arkansas Department of Correction. Jones filed this timely appeal. On appeal, Jones argues that the circuit court erred in denying his motion for a directed verdict. Specifically, Jones asserts that the evidence is insufficient to show that Jones actually possessed a firearm.

A directed-verdict motion is a challenge to the sufficiency of the evidence and requires the movant to apprise the circuit court of the specific basis on which the motion is made. *See, e.g., Rounsaville v. State*, 372 Ark. 252, 273 S.W.3d 486 (2008). Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments

presented at trial. *See id*.

Here, Jones's arguments on appeal were not part of his directed-verdict motion in the circuit court. Specifically, at trial, Jones argued that the evidence was insufficient because Corporal Stout did not provide the firearm and did not make any attempt to find Jones to procure the weapon. However, on appeal, Jones changed his argument to assert that the evidence was insufficient to show that he actually possessed a firearm. Accordingly, his argument is not preserved for our review.

Affirmed.

HARRISON and BROWN, JJ., agree.

*Cheryl Barnard*, Deputy Public Defender, by: *Mary Kathryn Williams*, Deputy Public Defender, for appellant

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.