SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-475

| | | |
|---|---|---|
| DERRICK D. MORGAN | | Opinion Delivered JANUARY 20, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE DESHA COUNTY |
| V. | | CIRCUIT COURT |
| | | [NO. CR-14-11] |
| | | |
| STATE OF ARKANSAS | | HONORABLE DON GLOVER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## DAVID M. GLOVER, Judge

Appellant Derrick Morgan was convicted by a Desha County jury of the offenses of theft of property with a value of more than $1000 but less than $5000, a Class D felony, and unauthorized use of another person's property to facilitate certain crimes, a Class B felony (unauthorized use). He was placed on one year of probation for the theft conviction and five years' probation for the unauthorized-use conviction. On appeal, Morgan argues that there was insufficient evidence to convict him of the offense of unauthorized use.[1] We affirm.

Morgan worked in the warehouse of Warner Logistics in Dumas. On December 19, 2013, Morgan's job was to scan and load twenty-two pallets of dog food onto a truck to be delivered to Kroger in Memphis, Tennessee. Instead, thirty pallets of dog food were loaded onto the truck. The eight additional pallets contained 259 bags of dog food, with a wholesale value of $6,443.92. According to truck owner-operator James Williams, Morgan got his load

---

[1]Morgan does not appeal his conviction for theft of property.

number, went into the warehouse, and then came back out and informed Williams that they had added another stop on Williams's route. Williams acknowledged this was not unusual, so he agreed to make the additional stop. He testified Morgan instructed him to follow him; that he followed a black Tahoe driven by Marcello Binns, in which Morgan was a passenger, to a Pine Bluff neighborhood; and that the eight pallets of dog food were unloaded by people at a house and placed in the house's carport and in Binns's Tahoe. According to Williams, the police were called due to a tractor-trailer rig parked in the neighborhood; he was arrested at that time, but Morgan had left the area by then. Williams testified he did not at any time consent to Morgan using his truck to transport stolen dog food, and he did not know that was what he was doing. The warehouse supervisor at Warner Logistics testified that Morgan never returned to work after December 19.

In his testimony, Morgan did not admit he had loaded thirty pallets instead of twenty-two pallets, even though a Dumas police officer testified that Morgan had told him he had loaded the truck. Morgan claimed Williams had told him that he had another pickup to make and that he had been asked by Williams to make room for the extra load. Morgan also denied he was in Pine Bluff on December 19.

Morgan first argues there is insufficient evidence to convict him of the offense of unauthorized use[2] because without the testimony of James Williams, who was deemed to be an

---

[2]Arkansas Code Annotated section 5-74-105(a)(1) (Repl. 2005) provides, "A person commits the offense of unauthorized use of another person's property to facilitate a crime if he or she knowingly uses the property of another person to facilitate in any way the violation of a predicate criminal offense without the owner's knowledge." "Predicate criminal offense" is defined as "any violation of Arkansas law that is a crime of violence or a crime of pecuniary

SLIP OPINION

accomplice in this case, there was no other evidence tending to connect him to the unauthorized use of another person's property, and, pursuant to Arkansas Code Annotated section 16-89-111(e)(1)(A) (Supp. 2015), there cannot be a conviction in a felony case upon the testimony of an accomplice unless corroborated by other evidence that tends to connect the defendant with the commission of the offense. This argument was not preserved for appeal.

A directed-verdict motion is a challenge to the sufficiency of the evidence and requires the movant to apprise the circuit court of the specific bases on which the motion is made. *Jones v. State*, 2015 Ark. App. 495. Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal but rather are bound by the scope and nature of the objections and arguments made at trial. *Id.* Here, while Morgan specifically made the accomplice argument with regard to the sufficiency of the evidence for theft of property, he did not make the accomplice argument for the unauthorized-use offense. Specifically, with respect to the unauthorized-use offense, Morgan's counsel argued in his motion for directed verdict that there was no proof Morgan knew that the truck was being used in an unauthorized manner, as it did in fact belong to the truck driver, Williams, and there was no evidence that Morgan received any pecuniary gain or value from the theft of the dog food. He made the same arguments when he renewed his directed-verdict motion for the unauthorized-use offense at the close of all the evidence. Because Morgan did not make an accomplice argument to the trial court with respect to the unauthorized-use offense and now

---

gain." Ark. Code Ann. § 5-74-103(4) (Repl. 2005). "Crime of pecuniary gain" is defined as "any violation of Arkansas law that results, or was intended to result, in the defendant receiving income, benefit, property, money, or anything of value." Ark. Code Ann. § 5-74-10s(1).

raises it for the first time on appeal, his argument is not preserved for appeal.

Morgan also argues the legislature intended for Arkansas Code Annotated section 5-74-105 to be applied only to gang activity, as the statute is found in the subchapter entitled, "Arkansas Criminal Gang, Organization, or Enterprise Act," and due to the intent expressed by the legislature in Arkansas Code Annotated section 5-74-102 regarding the increase in crime committed by criminal gangs, organizations, and enterprises. Morgan contends the State failed to sufficiently prove that Morgan's unauthorized use of another person's property was gang related. This argument was rejected in *State v. Zawodniak*, 329 Ark. 179, 946 S.W.2d 936 (1997) (overruled on other grounds in *Carter v. State*, 365 Ark. 224, 227 S.W.3d 895 (2006)), and *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997). In both cases, our supreme court held the statute in question, while a part of the Arkansas Criminal Gang, Organization, or Enterprise Act codified at Arkansas Code Annotated §§ 5-74-101 to 108, did not require an element of gang activity, and it would be hesitant to interpret a legislative act in a manner contrary to its express language. Similarly, here, section 5-74-105 does not require an element of gang activity, and neither will we interpret a legislative act in a manner contrary to its express language.

Affirmed.

VIRDEN and KINARD, JJ., agree.

*John F. Gibson, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.

SLIP OPINION