

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-15-453

| | |
|---|---|
| | Opinion Delivered: FEBRUARY 24, 2016 |
| CORTEZ LAMONT GOULD<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. CR-12-961] |
| V. | |
| | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Cortez Gould appeals his convictions for aggravated robbery and theft of property, which sentences were enhanced due to his use of a firearm during the commission of the crimes. Appellant was sentenced to forty years in prison. For his sole point on appeal, appellant contends that the trial court erred in denying his motion for a mistrial due to alleged juror misconduct. We affirm.

The standard of review is well settled. A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. *Harrison v. State*, 371 Ark. 652, 269 S.W.3d 321 (2007). The trial court has broad discretion in granting or denying a motion for mistrial, and on appeal, we will not overturn the circuit court's decision absent an abuse of that discretion. *Id.* Declaring a mistrial is proper only when the error is beyond repair and cannot be corrected by any

curative relief. *McClinton v. State*, 2015 Ark. 245, 464 S.W.3d 913. The presiding trial judge is in a better position than anyone else to evaluate the impact of any alleged errors. *Id.* Thus, this discretion will not be disturbed except where there is an abuse of discretion or manifest prejudice to the movant. *Stewart v. State*, 320 Ark. 75, 894 S.W.2d 930 (1995).

Following allegations of juror misconduct, the moving party bears the burden of proving both juror misconduct and a reasonable probability of resulting prejudice. *Butler v. State*, 349 Ark. 252, 82 S.W.3d 152 (2002). Our court will not presume prejudice in such situations. *Id.* Jurors are presumed unbiased and qualified to serve, and the burden is on the appellant to show otherwise. *Id.* Whether prejudice occurred is also a matter for the sound discretion of the trial court. *Id.*

In keeping with these legal principles, the following is an analysis of the events at trial. Appellant was accused of committing armed robbery at a Cricket cellular store in Conway, Arkansas, on September 7, 2012. A jury was seated, with one alternate juror available. The jurors were instructed on the rules to follow while serving as a juror, and among the admonitions was the following: "First, do not talk among yourselves about this case or about anyone involved with it until the end of the case when you go to the jury room to decide on your verdict."

During trial, the owner of the Cricket store testified, explaining that she provided a general description of the perpetrator to the police, telling them that he was an African American male, estimated to be 5'6" tall, and she said he was clean shaven. The police presented her with a photographic lineup five days after the crime took place, on September 12, wherein she identified appellant as the person who robbed the store. During a Conway

police detective's testimony, the detective said that two pictures of appellant—State's Exhibits 52 and 43—were taken on different days for purposes of the photographic lineup, but it appeared that appellant was coincidentally wearing the same shirt in both pictures. The photographs were passed to the jury.

At the conclusion of the detective's testimony, defense counsel brought two jurors to the trial court's attention: Deborah Creswell and Vicky Campbell. Appellant had reported to his attorney that he heard the two women discussing the two photos of appellant as they were published to the jury. Appellant said that one of the women, later determined to be Vicky Campbell, commented that the shirts in the photos were not the same, to which the other woman disagreed. The prosecutor admitted that he heard the two women speak to each other, but he only heard one juror respond "no" or "not." This drew a motion for mistrial, given that this was deemed by appellant as improper inter-juror communication. Defense counsel argued that there was only one alternate juror available, and defense counsel did not know how to remedy the fact that there was improper conversation between jurors without removal of both jurors.

The prosecutor suggested that the trial judge question the two jurors, and if there was improper communication, to issue a curative instruction to them. The prosecutor maintained, though, that there was no resulting prejudice from the alleged comments. After taking a brief recess, the trial judge denied the request for the extreme remedy of mistrial.

In order to provide a complete record, and in renewal of the mistrial motion, defense counsel asked that the trial judge conduct an inquiry of these jurors to see if they were qualified as fair and impartial jurors to continue with jury duty. Defense counsel argued

that it was unfair to continue when two jurors were talking about a piece of evidence. The trial judge agreed to conduct an in camera inquiry.

Vicky Campbell stated to the trial judge that Deborah Creswell mentioned that the shirt collar in one picture did not look the same as the other, but she (Campbell) disagreed with Creswell. Campbell left the judge's chambers. Deborah Creswell was then called into chambers. Creswell said that Campbell mentioned that she thought the shirts were different in the two pictures, to which she (Creswell) said that she agreed the shirts were not the same, but she did not mean to respond aloud. Creswell apologized.

The trial judge found that Campbell was the one who made the initial comment, which was in line with what appellant had reported. The trial judge agreed with defense counsel that fairness and the appearance of fairness were paramount, but noted that the substantive issue was whether there had been resulting prejudice requiring a mistrial. The trial judge decided that "if" there had been any violation of the court's admonitions, it was Campbell. The trial judge removed Campbell from the jury, seating the alternate juror, and mistrial was denied. The State had rested its case, the defense did not present any evidence, and the jury was dismissed for lunch. Before releasing the jurors, the trial judge again reminded the jurors of the admonition not to discuss anything about this case or anyone involved with it until the case was submitted for jury deliberation.

Appellant argues that Creswell's responsive comment to Campbell in the jury box, made in violation of the jury instruction not to do that, constituted denial of a fair trial and resulted in prejudice, requiring a mistrial. We disagree that appellant demonstrated prejudice from Creswell looking at properly admitted evidence and briefly stating

disagreement with a witness on whether the shirts in the two photographs were the same. Any juror misconduct by Creswell, if there were any, appears to have had no discernible effect on Creswell's ability to decide appellant's guilt or innocence in a fair and impartial manner. Creswell expressed remorse for any errant behavior. The trial judge again admonished the jury not to discuss anything about this case until deliberations. A juror is presumed unbiased and qualified to serve, and whether prejudice resulted from alleged juror misconduct is a matter of the trial court's sound discretion. *Butler v. State*, *supra*; *Shamlin v. State*, 23 Ark. App. 39, 743 S.W.2d 1 (1988) (affirming the removal of a juror who made an improper comment to two other jurors during trial about whether Shamlin was guilty, replacing that juror with the only alternate, and allowing the two other jurors to remain). If a juror is shown to have prejudged a defendant to be guilty prior to hearing all the evidence and being instructed on the law, then this demonstrates that the defendant was deprived a fair and impartial jury, entitling the defendant to a new trial. *See Conway v. State*, 2012 Ark. 420. Such is not the case in the appeal before us today. Because appellant has failed to demonstrate that there was a reasonable probability of resulting prejudice here in having Creswell remain on the jury, we affirm the trial court's denial of mistrial as not manifesting an abuse of discretion.

Affirmed.

KINARD and WHITEAKER, JJ., agree.

*Ronald L. Davis, Jr. Law Firm, PLLC*, by: *Ronald L. Davis, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.