Cite as 2021 Ark. App. 89

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-20-426

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** February 24, 2021 |
| GERALROD WILLIAMS | | |
| | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-19-135] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Geralrod Williams appeals his conviction by a Hot Spring County Circuit Court jury of one count of forgery in the first degree and one count of theft. On appeal, he challenges the denial of his motion for a mistrial, the admission of certain testimony and evidence, and the sufficiency of the evidence presented against him. We affirm.

This case is based on allegations that on March 23, 2019, Williams used counterfeit hundred-dollar bills to purchase $2,600 worth of electronics equipment at a Walmart store in Malvern, which he immediately returned to a different Walmart store in Little Rock in exchange for cash. Williams was tried in the Hot Spring County Circuit Court on March 6, 2020. During jury selection, a potential juror, Richard Gilbert, stated that he was familiar with Williams because he, Gilbert, had previously worked at the Malvern Police Department and at the Arkansas Department of Correction. The court questioned Gilbert and determined that he could be unbiased. Williams's attorney moved for a mistrial claiming that the mention of

Williams in conjunction with the Malvern police and the Arkansas Department of Correction had prejudiced the entire jury pool against his client. The court denied that motion, and the trial began.

The State presented testimony from several Walmart employees, including asset protection manager Jennifer Wilson, who testified that she investigated a possible loss of profit on March 23, 2019, in relation to twenty-six counterfeit hundred-dollar bills that the store had received. She stated that surveillance video of the transaction revealed that Williams had purchased approximately $2,600 in electronics from the Malvern Walmart on March 22. She described for the jury that the video showed Williams giving the money to a Walmart employee. She also testified that she was able to access the receipt for the transaction and learned that all the items that Williams purchased were returned to a Walmart in Little Rock two hours later. Additionally, Wilson testified that the counterfeit bills did not feel the same to the touch as authentic bills and that they bore a disclaimer that they were "play money." The bills were admitted into evidence.

Wilson testified that she contacted the Little Rock store and received a still image, referred to as a "screen shot," from its computer system showing Williams as the person who had returned the items. Williams objected to Wilson's testimony regarding the screenshot as hearsay, and the court overruled that objection. Wilson also testified that she obtained a return receipt listing the exact serial numbers of the goods purchased in Malvern, which was signed by Williams. The return receipts were admitted into evidence with no objection.

At the end of the State's case, Williams moved for directed verdict on each charge. The trial court denied the motions. Williams presented no evidence or testimony in his defense.

He renewed his motions for directed verdict, which were again denied. The jury deliberated and found Williams guilty on both counts and sentenced him to forty years' imprisonment on the forgery charge and fifteen years' imprisonment on the theft charge, to run consecutively.

Williams filed this timely appeal in which he argues (1) there was insufficient evidence to uphold his convictions; (2) the trial court abused its discretion by denying his motion for a mistrial; (3) the trial court abused its discretion by allowing testimony about the screenshots; and (4) the trial court abused its discretion by admitting the signed return receipt into evidence.

Motions for direct verdict are challenges to the sufficiency of the evidence. *Baker v. State*, 2019 Ark. App. 515, at 1, 588 S.W.3d 844, 846. When reviewing sufficiency challenges, this court "view[s] the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered." *Id.* at 1–2, 588 S.W.3d at 846. Substantial evidence is evidence of sufficient force and character that it will, with reasonably certainty, compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*

Williams first challenges the sufficiency of the evidence supporting both convictions. His argument has no merit. Forgery in the first degree is a Class B felony pursuant to Arkansas Code Annotated section 5-37-201 (Repl. 2013). "A person forges a written instrument if, with purpose to defraud, the person makes, completes, alters, counterfeits, possesses, or utters any written instrument that purports to be or is calculated to become or to represent if completed the act of a person who did not authorize that act." *Turner v. State*, 2012 Ark. App. 150, at 8, 391 S.W.3d 358, 364 (citing Ark. Code Ann. § 5-37-201).

Williams is bound by the nature and scope of the motion for directed verdict he made below. In this case, he argued that the State had failed to prove that he acted with intent to

defraud. On appeal, he also argues that there was insufficient evidence identifying him as the person who passed the counterfeit bills, but the only argument we will address is the one he raised below. Williams's claim that he did not know the bills were fake is not persuasive. There was ample evidence that Williams knew he was passing counterfeit money and acted with intent to defraud Walmart. Wilson testified that the bills felt fake and bore markings stating that they were not legal tender and were only "play money." Moreover, the jury could infer Williams's knowledge from the sequence of events: he went into the Malvern store with twenty-six fake hundred-dollar bills, bought $2,600 worth of electronics, and immediately returned those items to another store in exchange for cash. We have previously held that mere possession of a forged instrument by one who offers it, without any reasonable explanation of the manner in which it was acquired, warrants an inference that the possessor committed the forgery. *DeShazer v. State*, 94 Ark. App. 363, 367, 230 S.W.3d 285, 289 (2006). We find no error in the court's denial of Williams's motion for directed verdict as to the forgery charge.

Williams also challenges the sufficiency of the evidence supporting his theft conviction. Pursuant to Arkansas Code Annotated section 5-36-103(a)(1) & (b)(3)(A) (Repl. 2013), a person commits theft of property if he knowingly takes or exercises unauthorized control or makes an unauthorized transfer of interest in the property of another person with the purpose of depriving the owner of the property. A person acts knowingly with respect to the person's conduct when, among other things, he is aware that his conduct is of that nature. Ark. Code Ann. § 5-2-202(2) (Repl. 2013). The evidence supporting this point is much the same as above. Williams took valuable merchandise from Walmart on false pretenses, depriving Walmart of those goods without actually paying the agreed-upon consideration for them. Moreover, he

4

then returned those items and received cash from Walmart, having never given Walmart anything of value for the goods. Clearly, Williams first deprived Walmart of the goods and then deprived the company of money. Again, the sequence of events indicates that the actions were intentional and planned, and we find no reversible error in the court's denial of Williams's motion for directed verdict.

Next, Williams challenges the trial court's denial of his motion for a mistrial. A mistrial is an extreme and drastic remedy that will be granted only when there has been an error so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial has been manifestly affected. *Gould v. State*, 2016 Ark. App. 124, at 1, 484 S.W.3d 678, 680. The trial court has broad discretion in granting or denying a mistrial, and on appeal, this Court will not reverse that decision absent an abuse of discretion. *Id.* Declaring a mistrial is proper only when the error is beyond repair. *Id.* We find no reversible error in the court's denial of Williams's motion because Gilbert's statement was simply too vague to satisfy the high bar required for a mistrial. Unlike in *Novak v. State*, 287 Ark. 271, 690 S.W.2d 499 (1985), on which Williams relies, Gilbert did not indicate that Williams had been arrested, convicted, or held in custody.

Next, Williams argues that the trial court erred in allowing Wilson to testify about viewing a screenshot provided to her by the Little Rock Walmart store. We review evidentiary ruling for abuse of discretion. *Campbell v. State*, 2017 Ark. App. 59, at 4, 512 S.W.3d 663, 666. Those rulings will not be reversed absent proof of both an abuse of discretion and prejudice. *Id.* Williams claims that the testimony was inadmissible hearsay. He is wrong. Hearsay is a statement, other than one made by the declarant while testifying at the trial or

hearing, offered in evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c) (2020). Here, the statements in question were made by Wilson, who was at trial and could be questioned. In describing the screenshot, she was providing testimony about her own first-hand experience. The hearsay rule is not violated when a witness testifies about a physical object, such as a picture, that is not presented in court. *Taylor v. State*, 88 Ark. App. 269, 271, 197 S.W.3d 31, 32 (2004). Moreover, Williams cannot demonstrate prejudice given the overwhelming evidence against him, including the videotape from the Malvern store and the return receipt with his signature.

Finally, Williams also challenges the admission of the return receipt bearing his signature. It is well settled that arguments not raised at trial will not be addressed for the first time on appeal. *Morgan v. State*, 2016 Ark. App. 31, at 3, 480 S.W.3d 867, 869. Williams did not object to the signature or the return receipt at trial, and he is now barred from making those arguments on appeal.

We affirm.

GLADWIN and HIXSON, JJ., agree.

*James Law Firm*, by: *William O. "Will" James III* and *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.