Cite as 2023 Ark. App. 222

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR-22-653

| | |
|---|---|
| DARRYL WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 12, 2023<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CR-19-282]<br><br>HONORABLE ALEX GUYNN, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Darryl Williams was convicted by a Jefferson County jury of aggravated assault and possession of a firearm by certain persons. After a firearm enhancement, he was sentenced to an aggregate term of thirty years' imprisonment. He argues on appeal that the circuit court erred by denying his directed-verdict motions. We affirm.

Appellant was employed by Hixson Lumber Company and was subsequently fired when it was discovered that he had been stealing time during his scheduled night shifts. On April 26, 2019, appellant went into Joseph Green's[1] office to sign his termination paperwork and get his final check. Appellant looked at his paycheck as he was leaving and came back into Joseph's office complaining about the amount of the check. Appellant was agitated and

---

[1]Joseph was the yard foreman at Hixson Lumber.

was warned that he had to leave the premises before the police were called. Appellant left out the office, picked up a crossout, which is a six-by-six piece of lumber, and threw it. The crossout hit Chris, Joseph's brother who was standing at the door, in the knee. After hitting Chris, appellant began walking backwards so that he was facing the men. Joseph pushed Chris out of the way and started reaching for a crossout sitting on a bundle of plywood located outside the office. As he reached for the crossout, appellant pulled out a chrome-colored revolver, causing Joseph to raise his hands in the air. Chris also raised his hands. Appellant then turned around and took off running. Appellant left in what looked to be a white older-model minivan being driven by someone else. The police were called, and appellant was subsequently arrested.

Appellant's jury trial took place on December 13, 2021. Joseph testified about the events of April 26, 2019. During Joseph's testimony, a security video from the date in question was played. Joseph indicated that the video did not show when appellant threw the crossout due to the position of some of the lumber. Joseph identified a point in the video where he said appellant pulled a gun from his left pocket and pointed it at Joseph, causing him to raise his hands. However, the weapon was not captured by the security system because a pole blocked its view. Appellant was shown walking and then running from the property. Joseph admitted that appellant never said anything after he pulled the gun and he stated that he did not know why appellant backed off after doing so. However, he said that the look on appellant's face indicated that maybe appellant did not mean to pull the gun and was overreacting. Chris's testimony about that day mirrored Joseph's testimony in many

aspects. However, Chris stated that appellant was waving the gun around. Chris testified that he also raised his hands when the gun was pulled.

At the conclusion of the State's case, appellant made two directed-verdict motions premised on the State's failure to prove that he had or possessed a firearm. The circuit court denied the motion. The defense rested without putting on a case and renewed its directed-verdict motions on the same basis. Again, the motions were denied. The jury found appellant guilty of the charges against him and sentenced him to thirty years in the Arkansas Department of Correction. Although appellant's jury trial took place in December 2021, the sentencing order was not filed until March 17, 2022. Appellant timely filed his notice of appeal.

Appellant argues on appeal that the circuit court erred by denying his directed-verdict motions. A directed-verdict motion is a challenge to the sufficiency of the evidence and requires the movant to apprise the circuit court of the specific basis on which the motion is made.[2] Arguments not raised at trial will not be addressed for the first time on appeal, and parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of the objections and arguments presented at trial.[3] Here, appellant contends that the circuit court erred by denying his directed-verdict motions because there is no evidence that appellant "pointed his pistol at the Green brothers. Having a gun on him,

---

[2]*Jones v. State*, 2015 Ark. App. 495.

[3]*Id.*

3

pulling out a gun from his left pocket, and waving it around does not rise to the level of proof required to constitute aggravated assault." Appellant admits that he was in possession of a firearm on the day in question by virtue of this argument. Possession was the sole basis of appellant's directed-verdict challenges at trial, which he now concedes.[4] The argument appellant now raises is not preserved for our review. Accordingly, we affirm.

Affirmed.

VIRDEN and GRUBER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.

---

[4]Appellant also abandons any challenge to his possession-of-a-firearm-by-certain-persons conviction because his argument on appeal is directly related to his aggravated-assault conviction.