104 Ark.App. 273

**Casey Lee DIRICKSON, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CACR 08–173.**

Court of Appeals of Arkansas.

Jan. 28, 2009.

Sharon Kiel, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by Karen Virgina Wallace, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Chief Judge.

Appellant Casey Lee Dirickson was found guilty by a Grant County Circuit Court jury of two counts of internet stalking of a child and received a sentence of fifteen years' imprisonment. On appeal, he contends that the trial court abused its discretion in admitting into evidence the computer printouts of Dirickson's internet conversations with an alleged fourteen year old. We affirm.

On January 26, 2007, Sheridan Police Department Officer David Holland, posing as fourteen-year-old Cheryl Kidd, entered an internet chat room. Officer Holland was directly contacted by Dirickson, who initiated the conversation by asking Cheryl her age, sex, and location. Cheryl responded that she was a fourteen-year-old female from central Arkansas. Dirickson said that he was twenty-six years old and that he worked as a correctional officer at a prison. He asked for Cheryl's address, and she told him that she lived behind Wal–Mart at "67 Village Lane."

Dirickson and Cheryl chatted again on January 30, 2007. They discussed having sex and agreed to meet at the Wal–Mart near Cheryl's home. Officer Holland, while conducting surveillance at Wal–Mart, observed a man near the entrance of the store matching Dirickson's description. The officer watched Dirickson leave the store in a vehicle. Officer Holland confirmed that the vehicle was owned by

Dirickson and that he worked for the Department of Correction. When Dirickson entered into the subdivision where Cheryl supposedly lived, he was stopped and arrested.

At the police station, Dirickson voluntarily gave a videotaped statement to Lieutenant Brent Cole of the Sheridan Police Department. Dirickson began the statement by saying, "I know I'm guilty." He added:

I was just playing around online. I started talking to whoever it was said they was 14. And one thing led to another. I tried to keep my mind out of it, but the longer I thought about it the more I thought I'd like to take shot. You know?

At the omnibus hearing, counsel for Dirickson requested that she and her expert be permitted to examine the hard drive of the computer that Officer Holland used to converse with Dirickson to authenticate the transcripts of the conversations that the State sought to offer into evidence at trial. The State agreed to make the computer hard drive available to Dirickson for a supervised inspection. However, prior to Dirickson's inspection of the hard drive, the State advised counsel for Dirickson that the hard drive had been destroyed by a virus. In response, Dirickson moved to dismiss the case, or in the alternative to suppress the transcripts, arguing that because they could no longer be authenticated, they were not the best evidence. The trial court reserved ruling on the issue until trial.

At trial, Officer Holland and Lieutenant Cole gave the above testimony. Officer Holland added that he used software to save his internet conversations to the hard drive so that they could be retrieved at a later date. He further stated that he printed out his conversations with Dirickson from the archive immediately after they occurred. The State also presented the testimony of Charles Simpson, an expert in the field of computer software, equipment, servers, and networks. Simpson, who never inspected the hard drive in question, testified that generally, chat-room conversations can be saved u sing programs that "archive" the information into a data base on the hard drive. He said that once information is archived on the hard drive, the file is locked and cannot be changed, deleted, or manipulated. Conversations can only be accessed by printing them out, and the printout will be verbatim from the archive.

Based on this evidence, the jury convicted Dirickson of two counts of internet stalking of a child. Dirickson does not challenge the sufficiency of the evidence on appeal. Rather, he contends that the trial court abused its discretion in admitting into evidence the printouts of Dirickson's internet conversations with Officer Holland. Within this point, Dirickson argues that the admission of the printouts violated (1) the best-evidence rule; (2) the hearsay rule; and (3) his right to confront the evidence.

Trial courts have broad discretion in evidentiary rulings, and a trial court's ruling on the admissibility of evidence will not be reversed absent an abuse of discretion. *Eastin v. State,* 370 Ark. 10, 257 S.W.3d 58 (2007). Likewise, we will not reverse absent a showing of prejudice. *McCoy v. State,* 354 Ark. 322, 123 S.W.3d 901 (2003). The first argument made by Dirickson is that the trial court violated the best-evidence rule when it admitted the printouts of his internet conversations with Officer Holland because they are not the best evidence. According to Dirickson, the computer hard drive is the best evidence. We disagree.

The best-evidence rule, Rule 1002 of the Arkansas Rules of Evidence, provides: "[t]o prove the content of a writing, ... the original writing ... is required, except as otherwise provided in these rules or by [rules adopted by the Supreme Court of this state or by] statute." Ark. R. Evid. 1002 Rule 1001(3) defines an "original" in the context of computers: "If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an 'original.'" Ark. R. Evid. 1001(3).

Based on Rule 1001(3), the printouts of the internet conversations from the hard drive of the Sheridan Police Department computer fall within the definition of an "original"; therefore, they are the best evidence under Rule 1002. *See Bobo v. State*, 102 Ark.App. 329, 285 S.W.3d 270 (2008) (affirming trial court's admission of computer printouts—from computers other than those that generated the conversations—of emails in sexual-assault cases under best-evidence rule). As such, we hold that in the case at bar, the trial court did not abuse its discretion in admitting the computer printouts into evidence.

■ Even if we held that the printouts are not "originals" under Rule 1001(3), but rather the hard drive is the original, the printouts of the conversations remain admissible under Rules 1003 and 1004 of the Arkansas Rules of Evidence. Rule 1004 states: "The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if: ... [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." Ark. R. Evid. 1004(1). Here, the evidence reflects that the hard drive was destroyed by a computer virus. There is no evidence, nor has it been alleged, that the police or the State destroyed the hard drive. As such,

the hard drive is not required under Rule 1004.

■ The next question is whether the printouts are admissible as duplicates under Arkansas Rule of Evidence 1003, which provides:

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity or continuing effectiveness of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Ark. R. Evid. 1003. Authentication "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Ark. R. Evid. 901(a). One method of authentication is the presentation of "[t]estimony of a witness with knowledge that a matter is what it is claimed to be." Ark. R. Evid. 901(b)(1).

Here, the authentication of the printouts was established via the testimony of two witnesses—Simpson and Officer Holland. Simpson testified that there are programs that save internet conversations onto the hard drive of a computer and that those conversations cannot be altered or manipulated. He also testified that the printouts from the archive of the hard drive are printed verbatim. Officer Holland testified that he set his program to archive his conversations. Furthermore, he said that the printed his conversations with Dirickson from the archive immediately after they occurred. The officer identified the printouts of the conversations with Dirickson and testified that they stated verbatim the contents of their conversations. This evidence sufficiently authenticates the printouts such that they are admissible as duplicates under Rule 1003.

Dirickson's reliance upon *Hamm v. State*, 296 Ark. 385, 757 S.W.2d 932 (1988), is misplaced. *Hamm* involved an audio-

taped confession given by the defendant. After the tape was transcribed by a secretary, it was erased and reused. The defendant moved to suppress the transcription, but the motion was denied. *Id.* On appeal, the supreme court reversed and remanded the conviction, holding that the transcript was inadmissable because it was not the best evidence. Here, the printouts from the Sheridan police computer are originals, Ark. R. Evid. 1001(3), whereas the transcription of the audio tape is not. Also, there is a significant difference in reliability between a human-transcribed tape recording and a printout from the archive of a computer hard drive. Finally, in *Hamm*, the State conceded that it was error to admit the transcription of the tape. There has been no such concession in the case at bar.

Another case relied upon by Dirickson in *State v. Rivas*, 172 Ohio App.3d 473, 875 N.E.2d. 655 (2007). There are some factual similarities between the two cases. *Rivas* is an internet-stalking case, where the defendant's counsel moved to inspect the police department's computer hard drive on which the original records of online chats were stored. Counsel argued that the printouts of those chats should not be admitted into evidence because they had not been properly authenticated. *Rivas, supra.* The factual similarities end there. In *Rivas*, the trial court denied the motion, and the jury subsequently found the defendant guilty. The Ohio appeals court reversed the conviction, holding that the trial court had the obligation to conduct an in camera review to verify the accuracy of the computer printouts. *Id.* We hold that *Rivas* is distinguishable from the instant case. First, the court in *Rivas* denied the defendant access to the hard drive, where-

as the trial court in the instant case granted Dirickson access to it (before it was destroyed). Moreover, our rules of evidence expressly provide that the printouts of the conversations are the best evidence. *See* Ark. R. Evid. 1001(3), 1002.[1]

■ Dirickson's second argument is that the computer printouts are hearsay. We disagree. Hearsay is defined as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Ark. R. Evid. 801(c) (2008).

The two witnesses who made the statements in the printouts are Dirickson and Officer Holland. Rule 801 specifically states that admissions by a party-opponent are not hearsay. Ark. R. Evid. 801(d)(2). Therefore, Dirickson's statements are not hearsay. *Id.* Regarding Officer Holland's statements, Rule 801(c) defines hearsay as a statement offered into evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c). There is not question that the officer's statements were not offered to prove the matter asserted—that he wanted to meet Dirickson for sex. Rather, the officer's statements were offered to put Dirickson's statements in context. *See Mock v. State*, 20 Ark.App. 72, 723 S.W.2d 844 (1987) (holding that recorded conversations between the defendant's brother and a police informant were not hearsay as they were not offered to prove the truth of the matter asserted, but to put into context other statements of the defendant to the informant); *Russell v. State*, 18 Ark. App. 45, 709 S.W.2d 825 (1986) (affirming the admission of an officer's testimony about conversations between a confidential informant and the defendant; the testimony of the officer was not hearsay because it was not offered to prove the truth of the

---

1.  We note that Rules 1001(3) and 1002 of the Ohio Rules of Evidence are identical to Rules 1001(3) and 1002 of the Arkansas Rules of Evidence. However, in contract to our holding, the Court of Appeals of Ohio elected not to apply the rules.

matter asserted; the testimony showed the context of the defendant's statement). Therefore, Officer Holland's statements are not hearsay. Ark. R. Evid. 801(c).

Lastly, Dirickson argues that the admission of the transcripts of his conversations with Cheryl violated his constitutional rights.[2] Pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), "[w]here testimonial evidence is at issue ... the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Beasley v. State*, 370 Ark. 238, 241, 258 S.W.3d 728, 730 (2007) (citing *Crawford*, 541 U.S. at 68, 124 S.Ct. 1354). "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Id.* at 241, 258 S.W.3d at 730 (citing *Crawford*, 541 U.S. at 68–69, 124 S.Ct. 1354).

Dirickson's argument must fail. The intent of the Confrontation Clause is to defend against the use of "testimonial" evidence from a witness who does not appear at trial. *Crawford*, 541 U.S. at 52, 124 S.Ct. 1354. Assuming that the computer printouts are testimonial evidence, they did not come from a witness who did not appear at trial. Both of the witnesses who made the statements in the computer printouts were at trial—Dirickson and Officer Holland. Dirickson had the opportunity to confront both.

Affirmed.

ROBBINS and GRUBER, JJ., agree.

---

2. It is unclear from his brief whether Dirickson is arguing that he was denied his right to confront the computer hard drive or the transcripts. The distinction is irrelevant to our holding.