2010 Ark. App. 127

**Bailey BUFFALO, Appellant**

**v.**

**STATE of Arkansas, Appellee.**

**No. CA CR 09–586.**

Court of Appeals of Arkansas.

Feb. 11, 2010.

---

2. I am reminded of the story of Saint Paul on the road to Damascus.

Debra Joan Cheatham Reece, Russellville, for Appellant.

Jake H. Jones, Assistant Attorney General, for Appellee.

JOHN B. ROBBINS, Judge.

Appellant Bailey Buffalo, age twenty-two, was convicted of internet stalking of a child by a jury in Faulkner County. He

was sentenced to serve six years in prison in addition to a $7500 fine. Appellant appeals, arguing that (1) there was insufficient evidence that appellant believed that the persona he chatted with on-line was age fourteen; (2) there was insufficient evidence that appellant's purpose in meeting this persona was to conduct inappropriate sexual acts; and (3) the trial court abused its discretion in admitting into evidence a cut-and-paste word document from the police computer system because it was not properly authenticated or the best evidence. After reviewing these assertions under the proper standards, we affirm appellant's conviction.

The evidence leading to the charge and presented at trial is as follows. The Conway Police Department was conducting an undercover crimes-against-children investigation using the Yahoo instant-messaging program. Officer Brian Williams testified to his training and experience in investigating internet-stalking-of-a-child and his process of setting up a Yahoo account for that purpose. To set up the account, one must be at least eighteen, so for his computer account profile, he would deliberately type age 100 to prompt anyone who read his profile that his age was false. Williams testified that he would wait on-line in a chat room until someone initiated contact with him, which is what happened in this instance. Williams stated that all on-line chats like these are archived onto the hard-drive of the police computer system. Williams explained that when he receives comments from suspects that violate the law, he creates a computer folder for that suspect. Williams said that for each such conversation or exchange, he highlights the entire text to copy-and-paste it onto a Wordpad document page. This text is then placed in the suspect's computer folder.

A pre-trial motion in limine to exclude the printout was denied, so at trial the prosecutor presented Williams with a nine-page printout, which he identified as an accurate depiction of his conversation with appellant. Appellant's attorney objected to its admission again, asserting that this was not the actual archive and the font might have been different than that on the live chat. Williams responded that he could not be certain if this font was the same as the live chat, but that it was the reader who chose his own font. The trial judge admitted the printout into evidence. Williams continued his testimony that there was never any invisible font or font that would have been hard to read, from his perspective, in the chat. Williams stated that in his on-line chats, he is deliberately vague because he does not want to lead the other person. Rather, he wants the other person to tell him what they want to do.

Moving to this specific chat, Williams described that on the afternoon of January 31, 2008, a conversation was initiated appellant (on-line as "duckhunter50") with him (on-line as "misty_webb2003"). The entire on-line exchange lasted approximately two and one-half hours, between 2:20 p.m. and 4:50 p.m. The officer asked appellant's age, sex, and location, to which appellant replied that he was age twenty-two, a man, and living in Little Rock, by typing "22/m/lr." The officer replied that he was a fourteen-year-old female living in Conway by typing, "14 f Conway." Appellant's next line read, "cool." For the next twenty minutes, the two chatted about their hobbies and their boredom. Appellant asked if "Misty" had a boyfriend and if he could come keep her company; she explained that she did not have a boyfriend, nor did she have a car. "Misty" said that he could come see her when her mother was at work and her friends would not be around. "Misty" offered to skip the

next day's study hall at school. Appellant then said "my favorite activities usually involve takin clothes off, but we can just hang out too."

By this time, appellant and "Misty" had been chatting on-line approximately an hour and twenty minutes. At about this point, appellant asked "would u come to the door in ur underwear?" and then later "how bout naked?" This progressed to appellant asking, "u like oral? . . . . u swallow? . . . . had a guy c * * in your mouth? . . . would u?" "Misty" replied "sure," to which appellant said, "cool." Another officer, Melissa Grantham, took a cell phone call from appellant in the midst of the on-line chat. Grantham impersonated a teenage girl, and in that conversation, she and appellant made light chitchat and confirmed where they would meet. The conversation returned to on-line chatting, and toward the end of it, appellant said, "btw I don't have any condoms so ur gonna have to be a good girl." Concluding, appellant agreed to take a shower, drive to Conway, and meet "Misty" at the nearby Hobby Lobby store. When appellant arrived at the Hobby Lobby, Conway police arrested him. Appellant admitted that he was "duckhunter50."

Officer Melissa Grantham testified that she assisted Officer Williams in this case by taking the telephone call from appellant, impersonating a young teenage girl. The conversation, recorded on a computer disc, was played for the jury. On it, there was light chitchat and confirmation of meeting at Hobby Lobby.

Thereafter, the State rested, and the defense moved for directed verdict. In it, defense counsel argued that there was no proof that appellant ever acknowledged that the other person was fourteen years old, particularly where it could not be proved with certainty to what comment appellant was responding, "cool." Defense counsel added that there was no real proof that the discussions of a sexual nature were the reason that they later agreed to meet. The trial court denied the motion, stating that the proof was sufficient to survive the motion for directed verdict. The jury found him guilty, and this appeal followed.

When an appellant challenges the sufficiency of the evidence to support a conviction on appeal, this court's test is whether there is substantial evidence to support the verdict. *Britt v. State,* 83 Ark.App. 117, 118 S.W.3d 140 (2003). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Cluck v. State,* 365 Ark. 166, 226 S.W.3d 780 (2006). In determining whether the evidence is substantial, evidence is viewed in the light most favorable to the State, considering only the evidence that supports the verdict. *Bell v. State,* 371 Ark. 375, 266 S.W.3d 696 (2007). Circumstantial evidence may constitute sufficient evidence to support a conviction, but it must exclude every other reasonable hypothesis other than the guilt of the accused. *Whitt v. State,* 365 Ark. 580, 232 S.W.3d 459 (2006). The question of whether the circumstantial evidence excludes every other reasonable hypothesis consistent with innocence is for the trier of fact to decide. *Id.* The means to challenge the sufficiency of the evidence is via a motion for directed verdict. Ark. R.Crim. P. 33.1(a) (2009).

Under Arkansas Code Annotated section 5–27–306(a)(2)(C) (Supp.2007), a person commits internet stalking of a child if the person is twenty-one years of age or older and knowingly uses an internet service to seduce, solicit, lure, or entice an individual that the person believes to be fifteen years of age or younger in an effort to arrange a meeting with the individual for the pur-

pose of engaging in deviate sexual activity. Internet stalking of a child is a Class B felony if the person attempts to arrange a meeting with an individual that the person believes to be fifteen years of age or younger, even if a meeting with the individual never takes place. Ark.Code Ann. § 5–27–306(b)(1).

A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Gikonyo v. State,* 102 Ark.App. 223, 283 S.W.3d 631 (2008). Because intent cannot be proven by direct evidence, the fact finder is allowed to draw upon common knowledge and experience to infer it from the circumstances. *Id.* Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Appellant herein argues that the State presented insufficient evidence showing that he believed that he was talking to someone fifteen years of age or under. He argues that the evidence only shows that "Misty" identified her age once, and that the chat might have been misread or not actually confirmed because people commonly type over each other in chat rooms. He also relies on the notion that any discussion of school, lack of a car, or living with a parent, could apply equally as well to a high school or college student. We disagree. While the jury could certainly infer from the context of the conversation that "Misty" might be in high school or college, the chat specifically stated at the outset that "Misty" was a fourteen-year-old female living in Conway. Viewing the evidence in the light most favorable to the State, we cannot say that there is no substantial evidence on this point.

Appellant also challenges the sufficiency of the evidence on the basis that while there was a great deal of sexual conversation early on, at the end, appellant was saying that he did not have condoms, indicating that he was abandoning any notion of sexual intercourse. We disagree. The statute requires proof of intent to engage in deviate sexual activity, which can but does not have to rise to the level of intercourse. Given the discussion regarding oral sex, we believe that the sufficiency of the evidence was properly presented to the jury.

Moving to appellant's final point on appeal, he argues that the trial court abused its discretion in admitting the nine-page printout produced by Officer Williams. The evidentiary challenge is two-fold: that the printout was not an authentic rendition of the chat, and that the printout was not the best evidence because that would have been the actual archive. Evidentiary rulings are discretionary with the trial court, which will not be overturned absent an abuse of discretion and even then, only if prejudicial. *See Bobo v. State,* 102 Ark. App. 329, 285 S.W.3d 270 (2008); *Smith v. State,* 354 Ark. 226, 118 S.W.3d 542 (2003).

Rule 901(a) of the Arkansas Rules of Evidence provides that: "The requirement of authentication ... as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." According to Rule 901, one example of authentication is the "testimony of a witness with knowledge that a matter is what it is claimed to be." Ark. R. Evid. 901(b)(1). Authentication requirements are satisfied if the trial court, in its discretion, concludes that the evidence presented is genuine and, in reason-

able probability, has not been tampered with or altered in any significant manner. *Davis v. State,* 350 Ark. 22, 86 S.W.3d 872 (2002); *Guydon v. State,* 344 Ark. 251, 39 S.W.3d 767 (2001). To satisfy these requirements, every possibility of tampering need not be eliminated. *Guydon, supra.*

Arkansas Rule of Evidence 1002 provides: "To prove the content of a writing, ... the original writing ... is required, except as otherwise provided in these rules...." "If data are stored in a computer ... any printout or other output readable by sight, shown to reflect the data accurately, is an 'original.'" Ark R. Evid. 1001(3). *See also Bobo v. State, supra.* Arkansas Rule of Evidence 1003 provides that a duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity or continuing effectiveness of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

Here, Williams was a person qualified to testify as a witness with knowledge that this printout was what it was claimed to be, that it accurately reflected his online chat with appellant, and that it was readable to him. The trial court did not abuse its discretion by deeming this printout sufficiently authenticated by the officer who conducted the chat and who converted it to a printable Wordpad document. Thus, it was properly admitted as an original or as a duplicate under our Rules of Evidence. Appellant cites other appellate cases where the computer evidence was more strongly authenticated and determined to be viable as either an original or duplicate, but those cases do not render this one reversible as a matter of law. *See, e.g., Dirickson v. State,* 104 Ark.App. 273, 291 S.W.3d 198 (2009); *Bobo v. State, supra.* We hold that the trial court did not abuse its discretion in admitting the

printout into evidence because it was properly authenticated and was admissible as a duplicate or an original.

Affirmed.

VAUGHT, C.J., and PITTMAN, J., agree.