Rita W. Gruber, Judge, concurring. I agree with the majority’s decision to affirm this case but write separately to express my belief that the CT scan of T.W.’s brain was properly authenticated. The majority opinion correctly notes that Arkansas Rule of Evidence 901 applies to the authentication of the CT scan in question in this case. The opinion further points out that Arkansas Rule of Evidence 1001(2) lumps x-ray films with | ^photographs and states that “there is no good reason to treat an x-ray image differently from a computed tomography image for authentication purposes.” I agree. Where I differ is that, for purposes of proving the content of the evidence a party seeks to introduce, Arkansas Rule of Evidence 1001(3) defines an “original” as the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. The rule further states that if data is stored in a computer or similar device, an “original” is any printout or other output readable by sight and shown to accurately reflect the data. The printout of the CT scan introduced by the trial court and authenticated by a witness with knowledge, Dr. Laken, falls within the definition of an “original” under subsection three of Arkansas Rule of Evidence 1001.. While not specifically dealing with medical images, our supreme court has held that electronic messages are properly authenticated under Arkansas Rule of Evidence 901 when circumstantial evidence ties the party to the messages. Donley v. Donley, 2016 Ark. 243, at 14, 493 S.W.3d 762, 770 (citing Gulley v. State, 2012 Ark. 368, at 15, 423 S.W.3d 569, 579). The supreme court has also held that “screen-shots” of comments on a Facebook photograph were properly authenticated when a witness testified that the comments were made using her Facebook account. Id. In Dirickson v. State, 104 Ark. App. 273, 278, 291 S.W.3d 198, 201 (2009), this court held that an officer’s testimony was sufficient to authenticate “printouts” of internet conversations with a defendant. In Buffalo v. State, 2010 Ark. App. 127, at 8, 374 S.W.3d 82, 87, this court held, again, that an officer’s testimony was sufficient to authenticate printouts of an “online chat” with a defendant. InGiven our rules of evidence and case-law, I believe Dr. Laken’s testimony explaining how she obtained the CT scan electronically was sufficient to authenticate the scan, and the court did not err in admitting it into evidence. For the above stated reasons, I concur in the majority’s decision.