# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–16–134

|  |  |
|---|---|
| FRANK P. CAMPBELL | **Opinion Delivered** February 1, 2017 |
| APPELLANT | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 08ECR–14–92] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE SCOTT JACKSON, JUDGE |
| | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Frank Campbell was convicted of two counts of second-degree sexual assault and one count of sexual indecency with a child. The charges were based on allegations that appellant inappropriately touched his two teenage stepdaughters (NB and EB) and that he sent the younger stepdaughter (EB) a fictional story about a sexual relationship between a stepfather and stepdaughter. For these crimes, appellant was sentenced to thirty years in prison. Appellant asserts two points on appeal, contending (1) that the trial court abused its discretion in permitting the jury to consider evidence of messages and two stories that were sent electronically to EB as well as a DVD recording of a police interview with appellant; and (2) that there was insufficient evidence to support his conviction for sexual indecency with a child. We affirm.

Preservation of an appellant's right to freedom from double jeopardy requires a review

SLIP OPINION

of the sufficiency of the evidence before a review of trial errors. *Dillon v. State*, 317 Ark. 384, 877 S.W.2d 915 (1994); *Robinson v. State*, 2016 Ark. App. 550, __ S.W.3d __. In a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State and consider only the evidence that supports the convictions. *Cluck v. State*, 365 Ark. 166, 226 S.W.3d 780 (2006). Evidence is sufficient if it is of such character and force that it, with reasonable certainty, compels a conclusion one way or the other without resort to speculation or conjecture. *Id.* When reviewing the sufficiency of the evidence, the court considers all the evidence, whether admitted properly or erroneously. *Boyd v. State*, 2016 Ark. App. 407, 500 S.W.3d 772. In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must make a motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2016). A motion for directed verdict shall state the specific grounds therefor. *Maxwell v. State*, 373 Ark. 553, 559, 285 S.W.3d 195, 200 (2008). Without a circuit court ruling on a specific motion, there is nothing for this court to review. *Id.* Failure to abide by these procedural rules renders any question of the sufficiency of the evidence waived on appeal. Ark. R. Crim. P. 33.1(c); *Bradley v. State*, 2013 Ark. 58, 426 S.W.3d 363.

A person commits sexual indecency with a child if, being eighteen years of age or older, the person solicits another person who is less than fifteen years of age or who is represented to be less than fifteen years of age to engage in sexual intercourse, deviate sexual activity, or sexual contact. Ark. Code Ann. § 5-14-110(a) (Repl. 2013). At the conclusion

2

SLIP OPINION

of the State's case, appellant's attorney argued to the trial court with regard to sexual indecency that "[t]here are three counts of sexual indecency with a child and we would assert there is insufficient evidence for those three counts." No specific element of the offense was challenged. Appellant's attorney then argued that it was "duplicative" to charge him with three counts instead of a single count of sexual indecency with a child. The trial court agreed with his argument on the "duplicative" charges. The trial court denied the motion for directed verdict on one count of sexual indecency with a child. Appellant renewed his motion for directed verdict at the close of all the evidence as to the single count of sexual indecency with a child, adding that the State had failed to prove "solicitation" where the story sent to EB did not request or ask EB to do anything sexual.

On appeal, appellant asserts that the State's evidence lacked sufficient proof that he "solicited" EB, but this argument is not preserved for appellate review. A motion for directed verdict in a jury trial that is based on insufficiency of the evidence must be made at the close of the State's evidence and at the close of all the evidence, and it must specify the respect in which the evidence is deficient. Ark. R. Crim. P. 33.1(a). A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. Ark. R. Crim. P. 33.1(c). Rule 33.1 is strictly construed. *Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004). An appellant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. *Conley v. State*, 2011 Ark. App. 597, 385

SLIP OPINION

S.W.3d 875. Appellant's failure to make a specific motion for directed verdict at the close of the State's case renders this point not preserved for our review.

Appellant's other point on appeal concerns the evidentiary rulings by the trial court that permitted the State to introduce into evidence a DVD of appellant's interview with the police, the content of certain electronic messages, and the content of two stories transmitted electronically to EB. We affirm the discretionary rulings of the trial court.

We review evidentiary rulings using an abuse-of-discretion standard, and trial courts are afforded wide discretion in evidentiary rulings. *See Hawkins v. State*, 348 Ark. 384, 72 S.W.3d 493 (2002). Our court will not reverse an evidentiary ruling absent a showing of error and resulting prejudice. *Nelson v. State*, 365 Ark. 314, 229 S.W.3d 35 (2006).

First, appellant contends that, although the statements that he made during his police interview recorded on the DVD were admissible, the actual DVD recording constituted inadmissible hearsay. Specifically, appellant argues in his brief that the questions of the interviewer, the visual location of the scene, and other sensory sights and sounds on the DVD exceeded the scope of appellant's statements and constituted inadmissible hearsay. We reject this argument for several reasons. A trial court does not abuse its discretion by admitting out-of-court statements that are not offered for the truth of the matter asserted. *Buchanan v. State*, 315 Ark. 227, 866 S.W.2d 395 (1993). The interviewer's questions were not offered for the truth of the matter asserted but were questions to place appellant's admissible answers into context. *See Dirickson v. State*, 104 Ark. App. 273, 279, 291 S.W.3d 198, 202 (2009).

4

In addition, a physical object is not a statement, and it is therefore not subject to the hearsay rule. *See Taylor v. State*, 88 Ark. App. 269, 197 S.W.3d 31 (2004). The visual location of the scene of the interview and the sights and sounds associated with the scene were not statements and thus are not subject to the hearsay rule. Moreover, appellant does not present any discernible prejudice resulting from allowing the DVD into evidence when his incriminating statements were conceded to be admissible, and we do not reverse in the absence of demonstrated prejudice.

Next, appellant contends that the trial court abused its discretion in permitting the State to ask EB about the contents of emails or messages she received in relation to the explicit stories sent to her. EB testified that the messages asked her if she had any suggestions for the story, that the story was about a stepdaughter having sexual fantasies that included her stepfather, and that the story contained the use of commas instead of periods in certain places indicating to her that appellant was the sender. EB related that one message asked her if she had any of her own fantasies. EB stated that she no longer had the electronic messages because she deleted them or the sender's account had been deleted.[1] Appellant objected on the basis that this testimony went to the "controlling issue" on sexual indecency with a child and was thus inadmissible without the original documents. The State responded that the documents were lost or destroyed and that Ark. R. Evid. 1004 permitted this evidence to be

---

[1]The second story was not lost or destroyed, and it was ultimately entered into evidence and read to the jury. Appellant admitted that he had sent EB the second story via his iPhone.

SLIP OPINION

admitted by other evidence of the contents. The trial court permitted EB to testify about these matters, and this ruling was not an abuse of discretion.

Arkansas Rule of Evidence 1004(1) states that "[t]he original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if: . . . [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." There is no evidence, nor has it been alleged, that the police or the State lost or destroyed the electronic communications or that any loss or destruction was in bad faith, and as such, other evidence of the contents was admissible. *Dirickson*, *supra*. Rule 1004 provides for alternative situations in which the evidence is admissible, and subsection (1) supports the trial court's ruling.

Appellant's argument focuses on Rule 1004(4), which provides that such evidence is admissible if the writing, recording, or photograph is *not* closely related to a controlling issue. Appellant argued to the trial court, and argues now on appeal, that if the matter *is* closely related to a controlling issue, then the matter is not admissible. Appellant does not persuade. Again, Rule 1004 provides for several alternative situations in which such evidence may be admissible, including when the original has been lost or destroyed where there is no evidence of bad faith. *See Efurd v. State*, 334 Ark. 596, 602, 976 S.W.2d 928, 932 (1998); *Smith v. State*, 286 Ark. 247, 691 S.W.2d 154 (1985).

To the extent that appellant argues that the electronic messages constituted hearsay, none were offered for the truth of the matter asserted. Arkansas Rule of Evidence 801(c)

defines hearsay as a statement offered into evidence to prove the truth of the matter asserted. *Cf. Dirickson v. State*, 104 Ark. App. 273, 279, 291 S.W.3d 198, 202 (2009) (holding that the officer's statements were not offered to prove the truth of the matter asserted but were instead offered to put Dirickson's statements in context). Here, EB testified to the general content of messages and the stories, but this was not to prove the truth of the messages or the truth of the fictional stories. Instead, this gave context to how EB came to be in possession of the stories and provided the basis for her having suspicions that the sender was her stepfather. Lastly, given that appellant admitted having sent one story to EB, that explicit story constituted an admission of a party opponent, which is not hearsay. Ark. R. Evid. 801(d)(2) (2016). On this evidentiary argument, appellant has failed to demonstrate an abuse of discretion by the trial court accompanied by resulting prejudice.

In summary, we affirm appellant's convictions for two counts of second-degree sexual assault and one count of sexual indecency with a child.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Anthony Pirani*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.