# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR–16–1004

| | |
|---|---|
| PHILLIP WAYNE BURGESS, JR. <br> APPELLANT <br><br><br> V. <br><br> STATE OF ARKANSAS <br> APPELLEE | **Opinion Delivered:** August 30, 2017 <br><br> APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-15-98] <br><br> HONORABLE JOHN HOMER WRIGHT, JUDGE <br><br> AFFIRMED |

## MIKE MURPHY, Judge

Appellant Phillip Burgess pleaded guilty to two counts of residential burglary. A Garland County jury sentenced him to a twelve-year term on the first count, a twenty-year term on the second count, and it imposed a $15,000 fine for each count. The terms were to run consecutively. Burgess appeals from the sentencing order, arguing that the circuit court erred by not exercising its discretion in sentencing him to consecutive sentences; he asserts that the circuit court did not make the record clear that the sentences were being imposed at the court's discretion rather than just agreeing with the jury's recommendation. We affirm.

On December 25, 2014, Leslie Jones was driving by a residence owned by her family in trust and noticed an unfamiliar truck and trailer in the driveway. There was furniture from inside the house on the trailer. Jones pulled into the driveway, blocked the driver, and called law enforcement. When law enforcement arrived on the scene, Burgess and another

woman, Kelly Bowers, stepped out of the house and were placed into custody. Burgess admitted stealing property including $4000 worth of tile that had been reported stolen the previous day. The next day, Jones obtained Bowers's address from some records and drove by her house and discovered what she believed to be some of the other missing items that had been taken from her family's residence. She again called law enforcement. Bowers was cooperative and helped with recovering the property.

Burgess pleaded guilty to two counts of residential burglary and requested that sentencing be determined by a jury. At the sentencing hearing, Burgess testified that he was high on methamphetamine when he burgled the residence.

During deliberations, the jury foreperson sent a note to the circuit court asking whether the sentences would run consecutively or concurrently. The court responded, "You may recommend but . . . the decision is ultimately up to me." The jury recommended that the two sentences run consecutively, and the circuit court ordered the same. The circuit court did not go into any discussion as to why it accepted the verdicts in accordance with the jury's recommendation.

Burgess argues that the circuit court erred in not exercising its discretion in sentencing Burgess to consecutive sentences by not explaining its decision. Instead, the circuit court merely stated Burgess was sentenced "in accordance with the verdicts of the jury." He did not raise his argument below. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had an opportunity to rule on them. *London v. State*, 354 Ark. 313, 320, 125 S.W.3d 813, 817 (2003).



As such, Burgess's argument is not preserved for our review, and we must affirm.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.