Cite as 2020 Ark. App. 92

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–19–435

| | |
|---|---|
| PATRICK CLATER | **Opinion Delivered:** February 12, 2020 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR–17–3603] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE HERBERT WRIGHT, JUDGE |
| | AFFIRMED |

## RITA W. GRUBER, Chief Judge

A jury in the Pulaski County Circuit Court convicted Patrick Clater of one count of engaging children in sexually explicit conduct for use in visual or print medium and fifteen counts of distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child and sentenced him to a total of 105 years' imprisonment. His sole point on appeal is that the circuit court abused its discretion in admitting photographs, text messages, telephone-call logs, and Facebook posts over his hearsay objection. We affirm his convictions.

Appellant's convictions arose out of his relationship with his minor daughter and their exchanges of sexually explicit photos and texts. The evidence against him included numerous text messages and photographs exchanged between the parties on cell phones as well as photos printed by a police detective from appellant's Facebook page. On appeal, appellant argues that the circuit court abused its discretion in admitting this evidence because

it constituted hearsay. Specifically, he contends that the affidavits submitted by the State to establish the admissibility of the telephone records fail to recite the "six foundational facts" required to establish the admissibility of business records. The State responds that appellant did not object to the admission of any of this evidence except the Facebook posts.

We review evidentiary rulings using an abuse-of-discretion standard, and circuit courts are afforded wide discretion in evidentiary rulings. *Campbell v. State*, 2017 Ark. App. 59, at 4, 512 S.W.3d 663, 666. Our court will not reverse an evidentiary ruling absent a showing of error and resulting prejudice. *Clay v. State*, 2019 Ark. App. 356, at 3, 584 S.W.3d 270, 272.

Appellant's brief is confusing. It is clear he is challenging the court's admissibility of evidence on the basis of hearsay. It is not clear whether he is challenging the admissibility of phone records, text messages, or Facebook posts. He points to four affidavits as the source of the hearsay for their failure to recite the "six foundational facts." He does not indicate precisely what those six facts are or state specifically how the four affidavits fail to recite them.

We note first that appellant did not object to the admission of any of this evidence at trial, a point appellant concedes in his reply brief. Second, appellant did file a pretrial motion in limine regarding the Facebook posts, arguing that they were not "business records" and that the authentication certificate provided by Facebook is not enough to authenticate them. He also challenged their relevance, arguing that there "is nothing to link" appellant to the posts. Finally, the four affidavits that appellant specifically challenges on appeal were not issued by Facebook but by AT&T and apply only to the telephone records. These phone records came into evidence without objection.

We turn to appellant's motion in limine to exclude the Facebook posts. The court held a pretrial hearing on the motion in October 2018 at which defense counsel agreed that Facebook posts generally come in as business records if introduced with a certificate of authentication from Facebook. Appellant argued that the State could not, however, connect these Facebook posts to him without a phone number linking the posts to him.

The State responded that the Facebook posts are admissible under Arkansas Code Annotated section 16-46-108 (Repl. 1999) with a certificate of authentication. The State also argued that they did have evidence linking appellant to a phone taken from him at the time of his arrest establishing the Facebook posts were his. The court determined that it would admit the Facebook posts as business records if Facebook certified them but would reserve ruling on the relevance issue until it heard proof linking appellant to the posts.

At the conclusion of a pretrial hearing in January 2019 on another matter, the following colloquy took place:

PROSECUTOR: I think the last time we were here I didn't have the Facebook certification, but I have that and I've presented it to [defense counsel].

DEFENSE COUNSEL: That's correct. I got that on the break. I think we have covered everything at this point. If something comes up, we are not set till the 30th. If we can't work it out, we'll all get a court date.

THE COURT: All right.

PROSECUTOR: And [Defense Counsel] and I have been in constant contact about this case. I agree with everything she said.

THE COURT: Anything else we need to take up?

DEFENSE COUNSEL: Not at this time.

The issue of the Facebook posts did not come up again until the victim's mother testified at trial. She said that she kept the Little Rock police detective "up to date about what's happening on [appellant's] Facebook." At that point, appellant "renewed" his motion "based on the motion to suppress on the Facebook posts." Counsel did not state the basis for his objection. However, the objection appears to have been based on relevance. Appellant has not raised the issue of relevance on appeal.

Appellant's specific argument on appeal is directed to four certifications of phone records by AT&T, which were admitted into evidence without objection. To the extent appellant intends in his brief to direct his argument instead to the adequacy of the Facebook certification, appellant never raised that argument to the circuit court. Indeed, the Facebook certification was never introduced into evidence and is not a part of the record. Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the circuit court never had an opportunity to rule on them. *Burgess v. State*, 2017 Ark. App. 414, at 2, 528 S.W.3d 286, 287. It is well settled that a party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Stewart v. State*, 2012 Ark. 349, at 8, 423 S.W.3d 69, 74. Thus, we hold that appellant's argument is not preserved for our review.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

4