Cite as 2024 Ark. App. 38

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-23-314

| | |
|---|---|
| AMANDA ECHELBARGER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered January 24, 2024<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-22-348]<br><br>HONORABLE MARC MCCUNE, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Amanda Echelbarger appeals her conviction of theft of property from the Crawford County Circuit Court. On appeal, she argues that the circuit court erred by denying her motion to dismiss. We affirm.

On April 29, 2022, the State charged Amanda with theft of property with a value greater than $1000 but less than $5000, a Class D felony. Amanda was an employee of Murphy USA in Alma, and the charges related to theft of property from the store.

The case proceeded to a bench trial on March 23, 2023. Lauren Roseberry testified that she is the Murphy USA store manager in Alma and that when she opened the store on March 3, 2022, she noticed missing lottery tickets and cash. She explained that she reviewed a surveillance video and saw Amanda repeatedly placing lottery tickets and cash in her bag. The State introduced the surveillance video into evidence.

Roseberry further testified that she completed a restitution form stating that the missing cash totaled $1387 and the missing lottery tickets valued $819. The State moved to admit the restitution form into evidence, but Amanda objected. Her attorney argued that "there has been no records to indicate how much cash and how many lottery tickets, the cost of each lottery ticket." The court overruled her objection.

Roseberry thereafter explained how she calculated the totals. She stated that the lottery tickets are numbered and that "every morning we add up how many like $20 tickets, how many $10 tickets we have. And then we also scan it on a—a scan gun to put it into the computer. And that's the amount that we came up with." She further clarified that she obtained the amount from the store's records. As to the cash, Roseberry stated that the store's electronic safe records the cash deposited, and she compared that total to the amount deposited in the store's cash register. She stated that "[t]he two shifts that day that did not belong to [Amanda], the money was there and accounted for. And the money from [Amanda's] shift was not."

On cross-examination, Roseberry stated that employees count lottery tickets each shift and that there was "a chunk missing from" Amanda's shift. She further clarified that the number of tickets sold is documented by the store's register. She also acknowledged that she did not provide the State with the records she used in making her calculations.

At the conclusion of the State's case, Amanda moved to dismiss the charge. She argued that the State failed to present documents showing the amount of money taken or the number of lottery tickets taken and their value. The court denied Amanda's motion.

The court thereafter found Amanda guilty of theft of property, a Class D felony. The court sentenced Amanda to six years' suspended imposition of sentence with 120 days in the regional correctional facility. The court also ordered her to pay $2206 in restitution. Amanda appeals the denial of her motion to dismiss.

A motion to dismiss during a bench trial is a challenge to the sufficiency of the evidence. *Sharp v. State*, 2019 Ark. App. 506, 588 S.W.3d 770. In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* We must view the evidence in the light most favorable to the verdict. *Id.* Additionally, the weight of the evidence and the credibility of the witnesses are matters for the fact-finder, not for this court on appeal. *Id.*

On appeal, Amanda argues that the State presented insufficient evidence of the value of the lottery tickets and cash. She acknowledges the store manager's testimony and the restitution form. She, however, complains that the State did not introduce the records that the store manager relied on to calculate the value. She thus claims that the State merely presented hearsay evidence.

Pursuant to Arkansas Code Annotated section 5-36-103(a)(1) (Supp. 2021), a person commits theft of property if she knowingly takes or exercises unauthorized control or makes an unauthorized transfer of interest in the property of another person with the purpose of depriving the owner of the property. Theft of property is a Class D felony if the value of the

property is $5000 or less but more than $1000. Ark. Code. Ann. § 5-36-103(b)(3)(A) (Supp. 2021).

In the prosecution of a theft-of-property charge, the State has the burden of establishing the value of the property. *Howard v. State*, 2011 Ark. App. 573, 386 S.W.3d 106. Value is defined as the market value of a property or service at the time and place of the offense. Ark. Code Ann. § 5-36-101(12)(A)(i) (Supp. 2021); *Howard*, 2011 Ark. App. 573, 386 S.W.3d 106. Value may be sufficiently established by circumstances that clearly show a value in excess of the statutory requirement, including through the testimony of a witness who actually knows the value of the property. *Howard*, 2011 Ark. App. 573, 386 S.W.3d 106; *Moss v. State*, 2010 Ark. App. 96.

Here, the store manager testified that the missing cash and lottery tickets totaled $2206, and she explained how she calculated the total. This is sufficient evidence of the value of the property. To the extent that Amanda argues that we cannot consider the store manager's testimony because the testimony contains hearsay, when reviewing the sufficiency of the evidence, this court considers all the evidence, whether admitted properly or erroneously. *Campbell v. State*, 2017 Ark. App. 59, 512 S.W.3d 663. Further, Amanda does not raise an evidentiary issue on appeal, and she did not make a hearsay objection to the circuit court. It is well settled that an appellant must raise and make an argument at trial to preserve the argument on appeal. *Krieger v. State*, 2022 Ark. App. 456, at 11, 655 S.W.3d 321, 327. Accordingly, we affirm Amanda's conviction for theft of property.

Affirmed.

HARRISON, C.J., and HIXSON, J., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.